CASE 17—PETITION ORDINARY—MARCH 25.

101   113
106   853
106   854

101   113
112   447

101   113
e127   64
f127   65

# Carden, Administrator v. L. & N. R. R.

### APPEAL FROM HART CIRCUIT COURT.

1. LIMITATION OF ACTIONS.—An action by a personal representative of one whose life was lost by the negligence of a railroad company, brought under the provisions of chapter 57, sec. 1, of the General Statutes, is barred by limitation under the provisions of sec. 3, art. 3, chap. 71, General Statutes, that such action "shall be commenced within one year next after the cause of action accrued, and not thereafter." The cause of action accrued at the time of the death of the decedent, and not at the time of the appointment of the personal representative.

S. M. PAYTON FOR APPELLANT.

1. The cause of action in this case only arose after the death of the decedent, and did not exist before her death, and the statute of limitation did not begin to run until after the appointment and qualification of the administrator has been uniformly decided in this State without exception. Beauchamp's Adm'r. v. Mudd, 2 Bibb, 532; Baker's Adm'r. v. Baker, 13 B. M., 408; Pendleton's Ex'r. v. Pendleton's Adm'r., 6 Bush, 470; Hull v. Deatly, 7 Bush, 690.

2. The case of L. & N. R. R. v. Sanders, 86th Ky., 260, is unlike the case at bar. That action was prosecuted by and in the name of the children of the decedent, and not by a personal representative, and was brought on account of the death of the decedent by willful negligence, and under a different statute from that under which this action is brought. An action like this one can only be brought by the personal representative, and he not having qualified, no other person could bring it.

J. A. MITCHELL FOR APPELLEE.

1. The authorities cited by counsel for appellant are reviewed, and shown to be inapplicable.

2. The statute of limitation began to run from the death of the decedent, and not from the time of the qualification of his admin-

istrator. L. & N. R. R. v. Sanders, 85 Ky., 631; Hannah v. Railroad Co., 32 Indiana, 113; Clark v. Bank of Mississippi, 52 Amer. Dec., 258.

H. W. BRUCE AND WILLIAM LINDSAY OF COUNSEL ON SAME SIDE.

S. M. PAYTON IN PETITION FOR REHEARING.

1. The statute of limitation does not begin to run against a cause of action that accrues to the estate of a deceased person until administration has been granted on his estate, and it is immaterial whether the action is for the recovery of money or specific personal property. Beauchamp's Adm'r. v Mudd, 2 Bibb, 537; Baker's Adm'r. v. Baker's heirs, 13 B. M., 408-9; Pendleton v. Pendleton, 6 Bush, 469; Hull v. Deatly, 7 Bush, 690; Lewis v. Broadwill, 3 McLean, 568; Daniel v. Day, 51 Ala., 481; Sterges v. Sherwood, 15 Conn., 149; Sherman v. Western Stage Co., 24 Iowa, 515; Nelson v. Hurkel, 30 Kan., 456; Rockwell v. Young, 60 Me., 442 and 563; Smith v. Doe, 33 Md., 442; Converse v. Johnson, 146 Mass., 20; Wood v. Ford, 29 Miss., 57; Davis v. Garr, 6 N. Y., 124; Benjamin v. Dagroot, 1 Den., 156; Bicklin v. Ford, 5 Barb., N. Y., 393; Baird v. Reynolds, 99 N. C., 469; Long v. Gregg, 94 N. C., 763; Grant v. Hughes, 94 N. C., 231; Lynn v. Lowe, 88 N. C., 478; Granger v. Granger, 6 Ohio, 35; Greiger v. Brown, 4 McCord, S. C., 423; Glass v. Williams, 16 Lea, Tenn., 697; Bright v. Moore, 87 Tenn., 186; Hansford v. Elliott, 9 Leigh, Va., 79; Handy v. Smith, 30 W. Va., 195.

2. The cause of action for the death of one growing out of the wrongful act, neglect, or default of another, is a separate and distinct one from that for the bodily and mental pain and suffering of the injured party. The former accrues to his administrator after death and is for the loss of his services and power to earn money, in which no account can be taken of his bodily and mental pain and suffering; and the latter is for the pain and suffering, and such incidental loss of time and incidental expense as may result to him and accrue to him in his lifetime. (Whitford v. The Panama Railway Company, 23 N. Y., 469-70, and Louisville, Cincinnati & Lexington Ry. Co. v. Case, 9 Bush, 728.)

H. W. BRUCE IN RESPONSE TO PETITION FOR REHEARING.

1. The cases relied upon by appellant have no possible bearing on the question as to when the limitation began to run against

the cause of action asserted in this case, which is purely the creature of statute, and as to which the limitation has been distinctly settled from the beginning by unmistakable language. The various foreign authorities cited were in cases which arose under statutes different from ours.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellant instituted this suit in the Hart Circuit Court on the 19th day of April, 1895, as administrator of the estate of Julia Ann Smith, alleging that on the 15th day of December, 1887, the said Julia Ann Smith departed this life intestate, her husband having died a few years before intestate, and that said Julia Ann Smith left surviving her four children as the only heirs-at-law, all of whom were over twenty-one years of age at the date of her death except one.

The claim is for compensatory damages for the negligent killing of deceased by the appellee on the 15th day of September, 1887, more than seven years before the filing of the suit.

The appellee denied allegations of negligence, plead contributory negligence on the part of the deceased, and also plead and relied upon in a separate section the lapse of time and statute of limitation in bar of plaintiff's right of recovery. To this appellant demurred, which demurrer was overruled, and being carried back to the petition same was dismissed and appellant appeals to this court and asks a reversal.

The only question involved in the case on appeal is the plea of limitation. It is contended by plaintiff that as his cause of action did not accrue until after the death of his decedent the statute did not begin to run until the appointment of plaintiff as administrator; and in support of this

contention counsel for plaintiff appeals to a rule of construction adopted by this court in a number of cases for recovery of personal property, to the effect that the term "cause of action" implies not only a right of action, but also the "existence of some person who is competent to sue under it." Under the common law no recovery could be had for an injury resulting in death. The right of action died with the person, and that continued to be the law until in 1846, when the English Parliament altered the rule by enacting a law by which the right to sue in such a case was given to the personal representative. This English law was adopted in substance in this State in the year 1854 and reads as follows: "If the life of any person not in the employment of a railroad company shall be lost in this Commonwealth by reason of the negligence or carelessness of the proprietor or proprietors of any railroad, or by the unfitness or negligence or carelessness of their servants or agents, the personal representative of the person whose life is so lost may institute suit to recover damages in the same manner as the person himself might have done for an injury where death did not ensue." (Chapter 57, section 1, General Statutes.)

The suit of plaintiff is brought under this provision of the statute.

Section 3, article 3, chapter 71, provides that "a cause of action for injury to person of plaintiff * * * shall be commenced within one year next after the cause of action accrued and not thereafter."

Section 2 of article 4, chapter 71, provides that "if a person entitled to bring suit in any of the actions mentioned in article 3 of this chapter, except for a penalty or forfeit-

ure, was, at the time the cause of action accrued, an infant, married woman or of unsound mind, the action may be brought within a like number of years after the removal of such disability or the death of the person, whichever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued."

It will assist us in seeking to arrive at a proper determination of the meaning of the words of the statute to trace chronologically in the order of their enactment the variations which have attended this statute since its original enactment in 1854.

Section 4 of the act of 1854 reads as follows: "Actions under this act shall be commenced within one year from the time of such death."

This entire statute, with the limitations and all the exceptions to the same, appears in 2 Stanton's Revised Statutes, page 510. Upon the adoption of the General Statutes the compilers transferred the whole act of 1854, except article 4, to chapter 57 of the General Statutes. They embraced other statutory provisions in sections 4 to 9, inclusive, of that chapter.

Section 3, chapter 63 of Stanton's Revised Statutes, volume 2, page 128, provides: "An action for an injury to the person of plaintiff or of his wife, child, ward, apprentice or servant, and action for a malicious prosecution, * * * shall be commenced within one year next after the cause of action accrued."

The section in the General Statutes that corresponds with the one quoted is section 3, article 3, chapter 71, and reads as follows: "An action for an injury to the person of plain-

tiff or of his wife, etc., or for injuries to person, cattle or stock by railroads, or by any company or corporation, and actions for malicious prosecutions, shall be commenced within one year after the cause of action accrued, and not thereafter."

It will be noted that the act of 1854, which thus gave right of action for the loss of life, expressly provided that the limitation should be one year from the date of such death; and later, in the general revision of the statutes, the limitation clause was transferred to the chapter on limitations and included in a section with others, and the phraseology was changed for the sake of brevity and conciseness.

It seems evident that it was the intention of the legislature to limit the time when actions could be instituted under this statute to one year from the day when the cause of action accrued, which undoubtedly was the date of the death. To hold that this suit may be commenced at any time within one year after the appointment of an administrator, who may be appointed any time within twenty years, is to hold that a radical change in the policy of the statute was worked simply by a change of phraseology, dictated merely by convenience in a general revision of the statutes, as the obvious purpose was to provide for a reasonable limitation of actions which did not accrue to a man in his lifetime, but which might accrue for the benefit of his estate after his death.

It is admitted by plaintiff that if the cause of action had accrued to his intestate in her lifetime, the running of a statute would not be stayed by her death until the grant of administration, but having begun would have continued; and it is not easy to see why upon principle any distinc-

tion should be made between the case where a cause of action accrued in the lifetime of an intestate and where it does not accrue until after her death. The only reason that can be given why the statute should not run in any case is that there is no person to sue and no person to whom laches can be imputed. But it seems to us that the reason applies to the one case as well as to the other, and if an exception is allowed in favor of the one it ought to be extended to the other. The statute itself makes no such exception to the operation, and it can exist only by equitable implication.

Mr. Chancellor Kent, on page 142, says: "The doctrine of an inherent equity creating an exception as to any disability where the statute of limitation creates none has been long and I believe uniformly exploded. General words of the statute must receive a general construction, and if there be no express exception the court can create none. It is a universal principle of construction that courts must find the intents of the legislature in the statute itself, and unless some ground can be found in the statute for restraining or enlarging the meaning of its general words they must receive a general construction; that is, to read it as it is written without any arbitrary subtraction or addition to its meaning." (See Beckford v. Wade, 17 Vesey, p. 87.)

The statute under which this suit was instituted provides "that actions under it must be commenced within twelve months after the cause of action shall have accrued."

There is nothing in these words which imply in addition the existence of a person legally competent to enforce it by suit. If it did, why, in subsequent parts of the statute,

is it provided that the statute shall not run in certain cases specified, which are excepted from the operation of the statute because the person in whose favor the cause of action exists is legally incompetent to sue? Obviously if the term "right of action" implies the existence of a person competent to commence an action there was no occasion for the special provisions relieving persons not competent from the operations of the statute.

Nothing further need have been said, for the courts after having ascertained the existence of a right of action, would have next inquired whether there was any person in existence legally competent to enforce it by suit and compute the time accordingly; and if it was the intention to provide that the statute should only run where there is both a right of action and a person to assert it, why not insert a provision to that effect in express terms? There is no provision of the statute making the exception contended for in this case, nor do we perceive any reason why any such exception should have been made. If the cause of action does not accrue until after the death of the party who would have been entitled to sue the persons interested in the suit have the full time allowed by the statute in which to move in the matter to obtain a grant of administration and commence a suit. (See Tynes v. Walker, 35 Cal.)

Three of the heirs in this case were fully of age and each laboring under no disability. There was but one cause of action and there could have been but one recovery; and if we recognize the doctrine of implied exception contended for we do not perceive that a case like this comes within the principle. It certainly has less equity than the case where

the cause of action had accrued within the lifetime of the party, yet in that case confessedly the statute runs on and the cause of action is barred in one year, except as provided in sections 2526 and 2527, which have no application here, whilst if we are to accept the construction contended for by counsel of appellant it would give to the heirs of such a party twenty-one years after the accrual of the cause of action to institute their suit, a period of limitation which is in conflict with the express words of the statute, and we can not believe that the legislature ever intended to make this radical change in this statute, for under such a construction, it entirely ceases to be a statute of repose, and in its effect is of precisely the opposite character.

The cases cited by counsel as stated before were all for the recovery of personal property, and brought under the provisions of the common law; and even if the rule of construction on this question of limitation announced in them is the true one, which may be doubted, it certainly can not apply to the enforcement of rights acquired under a statute which is highly punitive in its character, as this, and which, under every rule of construction, must be most strictly construed.

For the reason indicated in this opinion the case is affirmed.