# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## JANUARY TERM, 1902.

CASE 46—ACTION TO RECOVER DAMAGES FOR THE DEATH OF PLAIN-
TIFF'S INTESTATE—JAN. 8.

## Van Vactor's Admx. v. Louisville & N. R. R. Co.

APPEAL FROM BULLITT CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

DEATH—ACTION FOR CAUSING—LIMITATION—INFANCY OF WIDOW AND
CHILD.

Held: As the right of action to recover for the death of a person
from an injury inflicted by negligence, is, by Kentucky Stat-
utes, sec. 6, vested in his personal representative, and the
period within which such an action may be brought is lim-
ited to one year from the death, the fact that the widow who
subsequently qualified as personal representative, and the only
child of the intestate, were both infants at the time of his
death, did not extend the period of limitation beyond one year
from the death.

S. M. PAYTON, ATTORNEY FOR APPELLANT.

Wm. A. Van Vactor was an employe of appellee and was
so injured by the rebound of a jack-handle used in elevating
a bridge on February 28, 1899, that he died from the effects
of it on August 28, 1899. He left as his only heirs his wife,
then an infant and an infant child two years of age. His
wife became twenty-one years of age, August 20, 1900, and two
months thereafter she was appointed administratrix of her

deceased husband, to-wit, on October 22, 1900, and filed this suit November 30, 1900. A demurrer was sustained to her petition on the ground that the cause of action was barred by the statute of limitation, and her petition dismissed and she now appeals.

Although more than twelve months had elapsed from the time both of the infliction of the injury and the death of deceased, yet both of the only heirs, being infants, we contend that the statute of limitation did not begin to run until one of them attained the age of twenty-one years.

Sec. 2525, Kentucky Statutes, provides that the statute of limitation shall not run against an infant, married woman, or person of unsound mind until the disability is removed and as both the wife and child were infants at the time of the injury and death, the statute did not begin to run until Mrs. Van Vactor attained twenty-one years of age, which was August 20, 1900, about three months before the suit was brought.

Here is a plain statute saying the limitation for personal injury shall be twelve months from the time of the accrual of the cause of action, followed by another statute which provides that if a person entitled to bring an action was, at the time the cause of action accrued, an infant married woman, the action could be brought within the like number of years after the removal of such disability and I submit the case upon these two statutes against any arguments that may be offered by appellee.

## AUTHORITIES CITED.

L. & N. R. R. Co. v. Sanders, &c., 86 Ky., 259; Carden's Admr. v. L. & N. R. R. Co., 101 Ky., 113; L. & N. Ry. Co. v. Brantley's Admr., 21 R., 473; sections 2516-2525, Kentucky Statutes.

FAIRLEIGH, STRAUS & EAGLES and B. D. WARFIELD, for appellee.

The widow of decedent was not a proper or necessary party to this action, which the statute provides must be prosecuted by the personal representative. There was no right of action in her or in the infant child, but in the personal representative alone. A personal representative could have been appointed at any time, without waiting for the widow to arrive at age. The petition shows on its face that more than twelve months had elapsed between the time of decedent's

death, and the bringing of this suit, and the demurrer was therefore properly sustained.

This whole question has been thoroughly settled after thorough argument in the case of Carden's Admr. v. L. & N. R. R. Co., 101 Ky., 115, and in the case of L. & N. R. R. Co. v. Brantley's Admr., 21 R., 473, and we rely upon these cases as conclusive of all questions raised by appellant in this case.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

William A. Van Vactor was injured in appellee's service on February 28, 1899. He died of those injuries on August 28, 1899, leaving surviving him his widow, who was an infant, and an infant child two years old. The widow became of age on August 20, 1900. On October 22, 1900, she qualified as administratrix of her husband's estate, and on November 30, 1900, she filed this suit to recover of appellee damages for the loss of his life, charging that his injury was by reason of the negligence of appellee and its servants. The circuit court dismissed the petition on the ground that the cause of action was barred by limitation, the suit not having been filed within one year from the death of the intestate.

The ruling of the court below is in accord with the case of Carden v. Railroad Co., 101 Ky., 115 (19 R., 132), (39 S. W., 1027). That case was followed in Railroad Co. v. Kelly's Adm'r (20 R., 1239), (48 S. W., 993), and was approved in Railroad Co. v. Brantley's Adm'r (21 R., 473), (51 S. W., 585). It is insisted, however, for appellant that these cases do not apply, because the widow of the intestate and his child were both infants at the time the cause of action accrued, and the disability of the widow was not removed until a few months before the suit was filed. Section 2525, Kentucky Statutes, is relied on, which provides that, "if a person entitled to bring" any of the actions

mentioned in the third article of the chapter was at the time the cause of action accrued an infant, the action may be brought within the like number of years after the removal of such disability. But this section has no application, for neither the widow nor the infant child was "entitled to bring" the action. The cause of action to recover for the death of a person from an injury inflicted by negligence is, by section 6, Id., vested in his personal representative. The infancy of persons who were not entitled to bring the action can have no effect upon the running of the statute. The cases above referred to rest upon the construction of the statute that the suit must be commenced within one year from the time of the death of the person injured.