CUGELL *v.* SANI-WASH LAUNDRY CO.

1. LIMITATION OF ACTIONS—INFANTS.

Statutes of limitations apply to infants as well as to adults, unless exceptions are made in their favor.

2. SAME—SURVIVAL ACT—INFANTS.

Since survival statute applies when death from negligent injuries is not instantaneous and the cause of action accruing to deceased during his lifetime, vests in his executor or administrator, deceased's infant child would not be a "person entitled to bring" the action, hence exception to statute of limitations tolling it in favor of infants is inapplicable (3 Comp. Laws 1929, §§ 13976, 13978, 14040, 14042).

3. SAME—DEATH ACT—INFANTS.

Since death act created a new right of action not known to the common law, applicable only when death was instantaneous, and vested in personal representatives of the deceased, deceased's infant child would not be a "person entitled to bring" the action, hence exception to statute of limitations tolling it in favor of infants is inapplicable (3 Comp. Laws 1929, §§ 13976, 13978, 14061, 14062).

4. SAME—INFANTS.

Exception to general statute of limitations tolling it in favor of infants *held,* to refer to causes of actions accruing directly to the infant (3 Comp. Laws 1929, §§ 13976, 13978).

5. INFANTS—INJURY TO PARENT.

A minor has no severable and personal right of action for injuries to his parent.

6. LIMITATION OF ACTIONS—INFANTS—TOLLING STATUTE—PERSONAL REPRESENTATIVES.

In action under both survival and death acts by special administrator of estate of man alleged to have been killed as result of negligent operation of defendant's automobile, brought particularly for benefit of deceased's child who was but a few months of age at time of parent's death and became of age before action was commenced, section tolling operation of

statute of limitations in favor of infants *held,* inapplicable since an infant has no severable and personal right of action for injuries to his parent and right of action under either statute accrues to personal representative (3 Comp. Laws 1929, §§ 13976, 13978, 14040, 14042, 14061, 14062).

Appeal from Wayne; Miller (Guy A.), J. Submitted April 20, 1937. (Docket No. 136, Calendar No. 39,219.) Decided June 7, 1937.

Case by Simeon Cugell, special administrator of the estate of Joseph Musial, deceased, against Sani-Wash Laundry Company, a Michigan corporation, and Max Humphrey, for fatal injuries suffered by plaintiff's decedent when struck by defendant's automobile. From order dismissing action, plaintiff appeals. Affirmed.

*Harry J. Lippman (Paul V. Hutchins,* of counsel), for plaintiff.

*Edward A. Smith,* for defendants.

FEAD, C. J. The declaration charges negligent injuries to Joseph Musial on November 24, 1915, resulting in his death on the same day; and that he left surviving him a widow, Barbara, a son, two years old, since deceased, and a daughter Adella, about five months old, who became of age June 22, 1936.

Plaintiff was appointed administrator of the estate of Joseph Musial April 21, 1936, and commenced this action July 21, 1936, particularly for the benefit of Adella, counting on both the survival and the death acts.

On motion, the action was dismissed on the ground that the statute of limitations had run against it.

The statutes of limitations involved are:

"Actions to recover damages for injuries to person or property shall be brought within three years from the time said actions accrue, and not afterwards." 3 Comp. Laws 1929, § 13976.

"If any person entitled to bring any of the actions mentioned in the chapter shall, at the time when the cause of action accrues, be within the age of twenty-one years, insane, or imprisoned in the State prison, such person may bring the action within the times in this chapter respectively limited, after the disability shall be removed." 3 Comp. Laws 1929, § 13978.

Plaintiff's contention is that, because Adella Musial would have had an interest in the recovery as infant daughter, the latter statute applies to the instant case.

It is the rule that statutes of limitations apply to infants as well as to adults, unless exceptions are made in their favor.

The survival statute, 3 Comp. Laws 1929, § 14040, applies when death from the injuries is not instantaneous. The cause of action accrues to the deceased during his lifetime. In case of his death before judgment, his executor or administrator may prosecute the suit. 3 Comp. Laws 1929, § 14042. Such cause of action, therefore, would vest in the representatives of the deceased on his death, Adella would not be a "person entitled to bring" the action, and section 13978 is not applicable.

The death act, 3 Comp. Laws 1929, §§ 14061, 14062, created a new right of action not known to the common law. It applies only when death is instantaneous. The action "shall be brought by, and in the names of, the personal representatives of such deceased person." Plainly, this vests the right of

action in the personal representatives of the deceased, and Adella Musial is not a "person entitled to bring" such action.

Section 13978 obviously refers to causes of actions accruing directly to an infant. A minor has no severable and personal right of action for injuries to his parent. The section tolling the statute of limitations for the benefit of infants is not applicable here. *Bledsoe* v. *Stokes,* 1 Baxt. (60 Tenn.) 312; *Van Vactor* v. *Railroad Co.,* 112 Ky. 445 (66 S. W. 4).

Affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.