SARAH MOSSIP, as Administratrix, etc., of WILLIAM H. McKENZIE, Deceased, Plaintiff, *v.* F. H. CLEMENT & Co., Defendant.

Supreme Court, Erie County, July 12, 1937.

*Winton Henry Church* [*Philip Halpern* of counsel], for the plaintiff.

*Ulysses S. Thomas* [*Paul W. Lapey* of counsel], for the defendant.

HARRIS, J. The defendant moves to dismiss the complaint herein on the ground that the action, which is one brought under section 130 of the Decedent Estate Law, is barred because the same was not brought within two years after the death of the plaintiff's intestate.

The facts pertinent to this motion as set forth in the complaint, briefly, are as follows: The defendant employed the plaintiff's intestate at its plant in Comstock, N. Y., during the year 1930, and the intestate left such employ on the 17th day of December, 1930. He died on or about May 12, 1933, and it is claimed that his death arose from causes operative during and on account of his employment by the defendant. Limited letters of administration for the purpose of bringing this action were issued to the administratrix herein on the 20th day of July, 1936, and the present action was commenced by the service of a summons on the 22d day of July, 1936. Consequently more than three years elapsed from the date of the death of said intestate to the time of the commencement of the action. The said intestate left him surviving a widow and two infant children.

The claim of the defendant that such an action is barred when more than two years have elapsed from the date of death is met by a claim on the part of the plaintiff that the infancy of the two children tolled the running of the two-year limitation. This dispute comprises the only question involved on this motion, and on its decision rests the granting or denial of the motion.

Section 130 of the Decedent Estate Law provides that the action may be maintained by " the executor or administrator * * * of a decedent." Such an action must be commenced within two years after the decedent's death. Section 133 of the Decedent Estate Law provides: " The damages recovered * * * are

exclusively for the benefit of the decedent's husband or wife and next of kin."

For her opposition to the motion herein the plaintiff depends on section 60 of the Civil Practice Act, which provides (so far as this motion is concerned) as follows:

" § 60. Certain disabilities excluded from time to commence. If a person entitled to maintain an action other than for the recovery of real property, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, is at the time when the cause of action accrues, either:

" 1. Within the age of twenty-one years; * * *

" 3. * * * or in execution upon conviction of a criminal offense, the time of such a disability is not a part of the time limited in this article for commencing the action; except that the time so limited cannot be extended more than five years by any such disability, except infancy; or in any case more than one year after the disability ceased."

To the mind of the court the verbiage of such section (60) in and of itself is an answer to the plaintiff's contention. It will be noted that such section uses the words " if a person entitled to maintain an action." Section 130 of the Decedent Estate Law does not give to the infants or any of the other next of kin the right to maintain an action brought under such section 130. Such an action may be brought under section 130 of the Decedent Estate Law only by an executor or administrator. This being so, section 60 of the Civil Practice Act and the tolling of limitations therein provided for in the case of infancy do not operate to toll the two-year limitation set forth in section 130 of the Decedent Estate Law. Such an action must be brought by an executor or administrator and must be brought within two years after the death of the decedent.

Apparently there is no reported case in this State covering the question above discussed, but a number of the reported cases in this State and in other jurisdictions discuss the principles involved in the application of the two years' statute in section 130 or similar statutes and the application of the tolling of limitations statutes in reference to causes of action created by statute to grant damages for death brought about by the wrongful acts or defaults of others than the person killed. The citations of a number of these cases are as follows: *Sapone* v. *New York Central & H. R. R. R. Co.* (130 Misc. 755); *Matter of Aronowitz* (151 id. 746); *Matter of Anderson* (84 App. Div. 550); *Boffe* v. *Consolidated Telegraph & El. Subway Co.* (171 id. 392; affd., 226 N. Y. 654); *Fallert* v. *Massachusetts Bonding & Ins. Co.* (172 App. Div. 690; affd., 225 N. Y.

774

647); *Rice* v. *Postal Telegraph-Cable Co.* (174 App. Div. 39; affd., 219 N. Y. 629); *Leun* v. *Brimmer* (203 App. Div. 643); *Crouse* v. *N. Y. State Rys.* (214 id. 678); *Hegerich* v. *Keddie* (99 N. Y. 258); *Matter of Meekin* v. *Brooklyn Heights R. Co.* (164 id. 145); *Crapo* v. *City of Syracuse* (183 id. 395); *McKnight* v. *City of New York* (186 id. 35); *Johnson* v. *Phœnix Bridge Co.* (197 id. 316); *Ackerman* v. *Ackerman* (200 id. 72); *Sharrow* v. *Inland Lines, Ltd.* (214 id. 101); *Travelers Ins. Co.* v. *Padula Co.* (224 id. 397); *Matter of Meng* (227 id. 264); *Exchange M. I. Ins. Co.* v. *C. H. Gas & El. Co.* (243 id. 75); *Phœnix Ind. Co.* v. *Staten Island R. T. Co.* (251 id. 127); *Streeter* v. *Graham & Norton Co.* (263 id. 39); *Gulf & S. I. R. Co.* v. *Bradley* (110 Miss. 152; 69 S. 666); *Van Vactor* v. *Louisville & N. R. R. Co.* (112 Ky. 445; 66 S. W. 4); *Bledsoe* v. *Stakes* (60 Tenn. 312); *Foster* v. *Yazoo & Miss. V. R. R. Co.* (72 Miss. 886; 18 S. 380).

The motion for the dismissal of the complaint is granted.