C. E. HEMINGWAY, Administrator DBN of the Estate of J. Herman Bruorton, Deceased, Plaintiff,

v.

D. L. SHULL, Administrator DBN of the Estate of William James Green, Sr., Deceased, Defendant.

Civ. A. No. 67-811.

United States District Court
D. South Carolina,
Columbia Division.

June 27, 1968.

J. Carlisle Oxner, Jr., Columbia, S. C., for plaintiff.

R. Bruce Shaw and Charles N. Plowden, Jr., of Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

Defendant moves to dismiss [1] this wrongful death action on the grounds that it was not commenced within the six-year period of the applicable South Carolina Statute of Limitations.[2] According to the complaint plaintiff's intestate, the late J. Herman Bruorton, was killed on May 26, 1957. Plaintiff insists that the action is not barred because of the provisions of Section 10–104, S.C.

---

[1]. Defendant used the term "Judgment on the pleadings," which is a term of S.C. State Court procedure, and has the same effect.

[2]. S.C.Code Anno. § 10–141 (1962) provides: General rule.—The periods for the commencement of actions other than for the recovery of real property shall be as prescribed in the following sections.

(1952 Code § 10–141; 1942 Code § 386; 1932 Code § 386; Civ.P. '22 § 329; Civ. P. '12 § 135; Civ.P. '02 § 110; 1870 (14) 447 § 112.)
S.C.Code Anno. § 10–143(6) (1962) provides: An action under §§ 10–1951 to 10–1956 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought.

Code.[3] Plaintiff says that he had at least one year after disability of the minor beneficiary(s) to bring the suit, which would extend their right to bring such action beyond the six-year deadline of May 26, 1963. It is admitted that the beneficiaries named in the complaint are surviving children, Suzan Louise Bruorton, minor, and Josiah H. Bruorton, under disability at the time of the commencement of the action by virtue of minority. Defendant, by answer, raises the question of proper listing/designation of the statutory beneficiaries[4] of a wrongful death action, but this issue is not before, or incidental to, the decision required by defendant's motion.

■■■ The burden of establishing the bar of the statute of limitations is the responsibility of one interposing that defense, and where the testimony is conflicting presents a jury question. Brown v. Finger, 240 S.C. 102, 102 S.E. 2d 781 (1962). There is no conflict of fact here on this issue, so the question is for the court.

This action was commenced on November 15, 1967, by C. E. Hemingway, Administrator DBN of the Estate of J. Herman Bruorton, deceased v. D. L. Shull, Administrator DBN of the Estate of William James Green, Sr., deceased, for the wrongful death of J. Herman Bruorton. The complaint alleges that the deceased came to his death on May 26, 1957, as a result of a truck accident while the deceased was riding as a passenger in a pickup truck owned and operated by William James Green, Sr., which accident occurred on U. S. Highway No. 17, near Georgetown, South Carolina. The complaint further alleges that the action is brought for the benefit of Suzan Louise Bruorton and Josiah H. Bruorton and that they are the surviving children of the deceased.

The defendant, in his answer, admits that the plaintiff's intestate was killed as a result of the accident; however, the defendant contends in his fifth defense that the time for bringing an action for the wrongful death of J. Herman Bruorton has expired and that the applicable statute of limitations has run against the plaintiff and that this action cannot be maintained. The defendant also denies that the defendant's intestate was driving the pickup truck at the time and place in question, and, further, the defendant contends in his fourth defense that the plaintiff has failed to name all of the statutory beneficiaries of J. Herman Bruorton and that the plaintiff therefore cannot recover in this action.

■■■ It has long been established that a right of action for wrongful death did not/does not exist at the common law, and is a right given solely by statute. The statute grants a right of action where none existed before.

3. S.C.Code Anno. § 10–104 (1962) provides: Exceptions as to persons under disability.—If a person entitled to bring an action mentioned in article 3 of this chapter, except for a penalty or forfeiture or against a sheriff or other officer for an escape, be at the time the cause of action accrued either:
(1) Within the age of twenty-one years;
(2) Insane; or
(3) Imprisoned on a criminal or civil charge or in execution under the sentence of a criminal court for a less term than his natural life;
The time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended:

(1) More than five years by any such disability, except infancy; nor
(2) In any case longer than one year after the disability ceases.

4. S.C.Code Anno. § 10–1952 (1962). Beneficiaries of action for wrongful death.— Every such action shall be for the benefit of the wife or husband and child or children of the person whose death shall have been so caused, and, if there be no such wife, husband, child or children, then for the benefit of the parent or parents, and if there be none such, then for the benefit of the heirs at law or the distributees of the person whose death shall have been so caused. Every such action shall be brought by or in the name of the executor or administrator of such person.

Pinson v. Southern Ry., 85 S.C. 355, 67 S.E. 464; Osteen v. Southern Ry., 76 S.C. 368, 57 S.E. 196; In re Mayo's Estate, 60 S.C. 401, 38 S.E. 634, 54 L.R.A. 660. The cause of action is vested in the executor or administrator of the deceased person. South Carolina Code of Laws (1962) § 10–1952; Bailes v. Southern Railway Co., 227 S.C. 176, 87 S.E.2d 481. South Carolina's Wrongful Death Act (Lord Campbell's Act) is found in the South Carolina Code in §§ 10–1951[5] through 10–1956.

Plaintiff in this action has been appointed Administrator solely for the purpose of the institution and prosecution of this action. It is his contention that § 10–143, subsection (6) of the South Carolina Code of Laws would not apply in this case to bar his action for the two minor beneficiaries because of the application of § 10–104, above quoted. Defendant argues that the complaint shows on its face that plaintiff's intestate met his death more than six years prior to the commencement of the action and that as the South Carolina Wrongful Death Act (Lord Campbell's Act) created a new cause of action in the Administrator, and that § 10–143, subsection (6), refers specifically to the South Carolina Wrongful Death Act, that § 10–104 which tolls the running of the statute of limitations as to minors, would not apply.

■ Plaintiff contends that, in order for the six-year limitation to apply to actions for wrongful death that the section giving the right of action must include the limitation or be incorporated therein by reference. But in such cases that portion of the statute is not a statute of limitations. Dennis v. Atlantic Coast Line Railroad Co., 70 S.C. 254, 259, 49 S.E. 869 (1904). In such cases the failure to file within the time extinguishes the right which the statute (wrongful death) creates. As stated in Scarborough v. Atlantic C. L. Ry. Co., 178 F.2d 253, 255, 15 A.L.R.2d 491 (4th Cir.1949):

A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, *is not a statute of limitations.* It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right.

■ The Statute of Limitation (Section 10–143, 1962 S.C.Code Anno.) relates to the remedy. *Dennis,* supra. Unless exceptions are made in the limitations or in the statute creating the right, the six-year limitation controls. There is no dispute but that the right of action was born, if at all, upon the death of J. Herman Bruorton. Failure of the fiduciary, authorized by statute, to bring the suit within the time allowed was/is fatal to the very right to pursue the matter under the State laws of the State of South Carolina, because there is no remedy available after the six-year period. True, the right is not extinguished; there is no way to enforce the right after the six years, absent a show-

---

5. S.C.Code Anno. § 10–1951 (1962) reads: Whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony. In the event of the death of the wrongdoer, such cause of action shall survive against his personal representative.

ing of fraud such as existed in *Scarborough,* supra.

Subsection (6) of § 10–143 of the South Carolina Code (1962) which refers specifically to the South Carolina Wrongful Death Act, did not appear in its present location in the South Carolina Code of Laws until the 1952 Code was published. Prior to that time, the limitation of the right to bring an action for wrongful death was contained in the same chapter as the Wrongful Death Act and was enacted as a part of the Wrongful Death Act. In *Dennis,* supra, the South Carolina Supreme Court stated:

> At common law there was no right of action for death caused by wrongful act. The requirement as to the time of commencing the action is a part of the statute creating this right. It is incumbent on those seeking the benefit of the statute to show that their action conforms to all the requirements thereof, one of which is that the suit must be instituted within a certain time.

In Bengston v. Nesheim, 259 F.2d 566 (9th Cir.1958), the plaintiff, as administrator, brought an action for wrongful death against the defendant in the District Court for the Western District of Washington. Plaintiff's intestate was drowned in a river on January 17, 1955. The action was commenced by the plaintiff seeking recovery of damages for wrongful death of his intestate two years and three weeks after the death of the intestate. It appears from the opinion that the defendant had formerly left Oregon where the accident occurred and moved to Washington. Oregon's statute of limitations governing wrongful death actions was two years. Oregon also had a statute which tolled the statute of limitations for actions in cases where a resident leaves the state within the period of the limitation. The plaintiff administrator argued that the two-year statute of limitations in the Oregon Death Act was tolled, since the defendant had left Oregon within a two-year period. The defendant moved for summary judgment

which was granted by the district court, and plaintiff appealed. In affirming the granting of defendant's motion for summary judgment the Ninth Circuit Court of Appeals stated:

> While the Oregon courts have not spoken directly on the subject, the great preponderance of judicial opinion is to the effect that the periods of limitations written into wrongful death statutes are not properly statutes of limitations as that term is generally understood, but are qualifications and conditions restricting the rights granted by the statute. See 67 A.L.R. 1070. There, twenty-five states are listed as following the rule just stated, and only Kentucky and Oklahoma appear contra. Likewise an overwhelming number of the states hold that tolling statutes do not affect conditions written into wrongful death acts. Consult 132 A.L.R. 292.

■ As noted in *Dennis,* supra, the limitation of a time within which wrongful death actions shall be brought was originally enacted with the Wrongful Death Act. It is a part of that statutory creation. The fact that the limitation section has now been moved to the chapter on limitations of actions generally makes no difference. See Carden v. Louisville & N. R. Co., 101 Ky. 113, 39 S.W. 1027.

■ The tolling statute with respect to minority, § 10–104, begins, "If a person entitled to bring an action" is within the age of twenty-one years the statute is tolled. Under the South Carolina Wrongful Death Act, the action is solely vested in the executor or administrator of the deceased. South Carolina Code of Laws § 10–1952. Therefore, as the minor beneficiaries in this case would not be "entitled to bring an action" the tolling statute would not apply.

In Mossip v. F. H. Clement & Co., 163 Misc. 771, 297 N.Y.S. 724, the plaintiff was appointed administrator for the purpose of bringing a wrongful death action against the defendant, the plaintiff bringing the action for the benefit

of two minor children of the deceased. More than three years had elapsed from the date of death of plaintiff's intestate to the time of the commencement of the action. The defendant contended that the action was barred by § 130 of the New York Decedent Estate Law which provided that an action must be commenced within two years after the decedent's death. The tolling statute relied upon by plaintiff is, in pertinent part, identical with South Carolina's tolling statute pertaining to minors. In granting the defendant's motion to dismiss the action, the Supreme Court of New York stated:

> To the mind of the court the verbiage of such section (60) in and of itself is an answer to the plaintiff's contention. It will be noted that such section uses the words 'if a person entitled to maintain an action.' Section 130 of the Decedent Estate Law does not give to the infants or any of the other next of kin the right to maintain an action brought under such section 130. Such an action may be brought under section 130 of the Decedent Estate Law only by an executor or administrator. This being so, section 60 of the Civil Practice Act and the tolling of limitations therein provided for in the case of infancy do not operate to toll the two-year limitation set forth in section 130 of the Decedent Estate Law. Such an action must be brought by an executor or administrator and must be brought within two years after the death of the decedent.

The case was subsequently appealed to the Appellate Division of the New York Supreme Court which court affirmed the holding of the lower court.

Apropos is the Georgia case of Williams et al. v. Seaboard Air Line Ry. Co., 33 Ga.App. 164, 125 S.E. 769, and Cugell v. Sani-Wash Laundry Co., 280 Mich. 286, 273 N.W. 571. In the last cited case the plaintiff's intestate met his death as a result of the negligence of the defendant on November 24, 1915. Plaintiff was appointed administrator and commenced this action for wrongful death on July 21, 1936, bringing the action for the benefit of his intestate's daughter, who was about five months old at the time of intestate's death and who came of age in 1936. The lower court dismissed the action on motion of the defendant on the ground that the statute of limitations had run against plaintiff's intestate. Michigan's statute of limitations was three years. Michigan also had a tolling statute which provided that if any person entitled to bring an action was within the age of twenty-one years that the time for bringing the action would not commence to run until after the disability had been removed. In affirming the judgment of the lower court dismissing the suit, the Michigan Supreme Court held that their wrongful death act created a new right of action and that such action "shall be brought by, and in the names of, the personal representatives of such deceased person." The court held that the right of action was vested in the personal representatives of the deceased and as plaintiff's intestate's minor daughter was not a person entitled to bring the action, the tolling statute for persons under the disability of minority would not apply.

In 54 C.J.S. Limitations of Actions § 235, it is stated:

> Where a minor is seeking to toll the statute of limitations, his interest must be such as will enable him to maintain an action in his own name.

See, generally, for statutes of limitations in death actions, 132 A.L.R. 292.

■ The defendant in this action assumes that there has been no prior administration of plaintiff's intestate's estate. Section 10–143, subsection (6), as above quoted, provides that the six-year limitation period begins to run upon the death of a person on account of whose death the action is brought. It is almost universally held that delay in procuring the appointment of a personal representative will not toll the time limit for bringing an action for wrongful

death. In George v. Chicago M. & St. P. R. Co., 51 Wis. 603, 8 N.W. 374, plaintiff's intestate was killed on July 15, 1875 and plaintiff was appointed administrator of the intestate's estate on October 4, 1879 and commenced the action. Wisconsin's wrongful death statute provided that: "Every such action shall be commenced within two years after the death of such deceased person." The Supreme Court of Wisconsin in reversing an order overruling the defendant's demurrer to the complaint stated:

> The action is purely statutory, and can only be maintained on the terms and conditions, and under the circumstances, specified in the statute. The limitation of two years therein prescribed is absolute and unconditional. Hence, the right of action for the alleged negligent killing of the plaintiff's intestate expired July 15, 1877. The action can no more be brought and maintained after that date than could such an action be maintained in the absence of any statute giving it. The action could not have been brought before the plaintiff was appointed administrator. It appears from the complaint that he was not appointed until more than four years had elapsed after the death of the intestate. It therefore appears on the face of the complaint that the limitation of the statute had run against the cause of action before the action was commenced.

On this point, see 70 A.L.R. 472, and Van Vactor's Adm'x v. Louisville & N. R. Co., 112 Ky. 445, 66 S.W. 4; Williams v. Quebec SS. Co., 126 F. 591 (D. C.1903); Carden v. Louisville & N. R. Co., 101 Ky. 113, 39 S.W. 1027; Bickford v. Furber, 271 Mass. 94, 170 N.E. 796, 70 A.L.R. 469.

 Under the South Carolina statute of limitations pertaining to wrongful death actions, the meaning of the statute is clear that the cause of action accrued at the time of plaintiff's intestate's death rather than at the time of the appointment of his administrator.

See quote from Dennis v. Atlantic Coast Line Railroad Co., supra.

■ As the six-year statute of limitations with respect to wrongful death actions was created as part of the statutory creation of a new right of action for wrongful death, the almost universal holding that wrongful death acts, being of a statutory creation, should be strictly construed because they are in derogation of the common law, and as the action commences to run upon the death of the person on account of whose death the action is brought, defendant's motion for judgment on the pleadings should be granted as it appears upon the face of the pleadings in this action that the suit has not been instituted within six years from the time of plaintiff's intestate's death.

Defendant's motion is granted. The action is dismissed.

And it is so ordered.