509 P.2d 735

Alice GOMEZ, Individually, Alice Gomez, as Administratrix of the Estate of George Floyd Gomez, Deceased, Alice Gomez as Mother and Legal Guardian of Georgie Anne Gomez, Mitzi Gomez, Kirk Gomez, and Keith Gomez, minors, Appellants,

v.

Robert S. LEVERTON, Appellee.

No. 2 CA–CIV 1245.

Court of Appeals of Arizona, Division 2.

May 14, 1973.

---

Stanfield, McCarville, Coxon & Ishmael by Samuel T. Ishmael, Casa Grande, for appellants.

Snell & Wilmer, by H. William Fox, Phoenix, for appellee.

KRUCKER, Judge.

Was this wrongful death action properly dismissed below because of the bar of the statute of limitations? The trial court concluded that it was barred and we agree.

A wrongful death action was initiated by Mrs. Gomez as surviving spouse of the decedent and as administratrix of the decedent's estate on behalf of herself and the decedent's minor children. The complaint, filed June 19, 1970, alleged that Mr. Gomez died on July 24, 1967. Appellee, defendant below, responded by motion to dismiss asserting the bar of A.R.S. § 12–542, which provided in pertinent part:

"There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

\* \* \* \* \* \*

2. For injuries done to the person of another when death ensues from such injuries, which actions shall be considered as accruing at the death of the party injured." [1]

Plaintiff responded to the motion to dismiss asserting three bases for opposition thereto, only one of which is urged on appeal, namely, the tolling of the statute of limitations as to the claim of the minor children because of their infancy. The trial court granted the motion to dismiss and this appeal was taken from the judgment of dismissal.

A.R.S. § 12–612 provides in pertinent part:

"A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving hus-

1. Amendment to A.R.S. § 12–542 was in 1971, subsequent to the death and the filing of this action.

band or wife, children or parents, or if none of these survive on behalf of the decedent's estate."

■ The two-year limitations period of A.R.S. § 12–542 applies to wrongful death actions and commences to run at the date of the decedent's death. Rogers v. Smith, Kline & French Laboratories, 5 Ariz.App. 553, 429 P.2d 4 (1967). The face of the complaint filed herein reflects that more than two years had elapsed between its filing and the decedent's death. The defense of the statute of limitations may be raised by motions to dismiss when it conclusively appears from the face of the complaint that the claim for relief is barred. Ross v. Ross, 96 Ariz. 249, 393 P.2d 933 (1964); Drug, Cosmetic and Beauty Trades Service, Inc. v. McFate, 14 Ariz.App. 7, 480 P.2d 30 (1971).

Initially, plaintiff argues that it would be manifestly unjust to impose the bar of the statute of limitations, relying upon Mayer v. Good Samaritan Hospital, 14 Ariz.App. 248, 482 P.2d 497 (1971). We do not believe that *Mayer* is apposite—that case merely holds that a claim for medical malpractice accrues when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendant's conduct and therefore the statute of limitations does not begin to run until that time. As to wrongful death claims, on the other hand, the statute specifically prescribes when the cause of action accrues, i. e., the date of decedent's death. Therefore, judicial construction as to when such cause of action accrues is unnecessary.

Plaintiff next argues that even if *her* claim as surviving spouse is barred by limitations, the claims of the minor children are not since the statute is tolled by A.R.S. § 12–502:

"If a person entitled to bring an action . . . is at the time the cause of action accrues either under twenty-one years of age, or of unsound mind or imprisoned, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. . . ."

■ Adverting to A.R.S. § 12–612, subsec. A, supra, we see that only a surviving spouse or the decedent's personal representative may bring an action for wrongful death on behalf of the statutory beneficiaries. The right of action for wrongful death is purely statutory and the action *must* be brought in the names of the persons to whom the right is given by statute. Solomon v. Harman, 107 Ariz. 426, 489 P.2d 236 (1971); Barragan v. Superior Court of Pima County, 12 Ariz.App. 200, 469 P.2d 92 (1970). We do not agree with the plaintiff that the minority of decedent's children, who are statutory beneficiaries under the wrongful death act, tolls the running of the limitations. A.R.S. § 12–502 refers solely to the disability of the "person entitled to bring an action." Western Coal & Mining Co. v. Hilvert, 63 Ariz. 171, 160 P.2d 331 (1945). As pointed out in Solomon v. Harman, supra, our wrongful death statutes clearly differentiate between the right to be a plaintiff and the right to be a beneficiary of a wrongful death action. Since the decedent's children are merely in the latter category and are not entitled to bring an action, the tolling statute does not apply. *See,* Hemingway v. Shull, 286 F.Supp. 243 (D.C.1968); Cugell v. Sani-Wash Laundry Co., 280 Mich. 286, 273 N.W. 571 (1937).

Plaintiff relies on Texas and California cases such as Texas Utilities Co. v. West, 59 S.W.2d 459 (Tex.Civ.App.1933) and Cross v. Pacific Gas and Electric Co., 60 Cal.2d 690, 36 Cal.Rptr. 321, 388 P.2d 353 (1964) to support her position that the disability of the minor beneficiaries saves this wrongful death action as to them. Her position, however, is without merit for the reason that under the wrongful death statutes of those states surviving children are proper plaintiffs.

Admittedly, the existing statutory scheme may work a hardship, but any deficiencies must be left to the legislature for correction. *See,* Lueck v. Superior Court,

County of Cochise, 105 Ariz. 583, 469 P.2d 68 (1970).

Judgment affirmed.

HOWARD, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: HATHAWAY, J., having requested that he be relieved from consideration of this matter, JACK G. MARKS, Superior Court Judge, was called to sit in his stead and participate in the determination of this decision.