533 P.2d 714

**ENGLE BROTHERS, INC., a New Jersey Corporation, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, The Honorable Lee Garrett, a Judge thereof, Wilfred G. Barragan, Administrator of the Estates of Jesus Barragan and Delia Licon Barragan, Deceased, and Gloria, Edward, Carmen, Jesus, Jr. and Trina Barragan, children of the Decedents, Respondents.**

**No. 2 CA–CIV 1831.**

Court of Appeals of Arizona, Division 2.

April 3, 1975.

Rehearing Denied April 29, 1975.

Review Denied June 10, 1975.

Snell & Wilmer by Loren W. Counce, Jr., Phoenix, for petitioner.

Rees, Mercaldo & Smith, P. C. by Paul G. Rees, Jr., and Ronald D. Mercaldo, Tucson, for respondents.

## OPINION

PER CURIAM.

Should the respondent court have granted petitioner's motion to dismiss a complaint against it? That is the sole question presented in this special action proceeding. Since denial of a motion to dismiss is an interlocutory, nonappealable order, appellate intervention via special action is appropriate. Industrial Commission v. Superior Court, 5 Ariz.App. 100, 423 P. 2d 375 (1967).

The following is a brief summary of what transpired below prior to the challenged ruling. Respondent real parties in interest filed a complaint against petitioner in September 1973, seeking to recover damages for the wrongful death of Jesus and Delia Barragan. The complaint alleged that an accident occurred on May 11, 1968, in Arizona which caused Mrs. Barragan's immediate death and injuries to Mr. Barragan which resulted in his death in 1969. In May 1974, petitioner received a copy of the summons and complaint in the mail. An affidavit in support of service by certified mail was filed by counsel. It recited that he was the attorney for the plaintiff, that Engle Brothers, a New Jersey corporation, caused an event to occur in Arizona out of which the claim which was the subject of the complaint arose, and that Engle Brothers had no agent in this jurisdiction upon whom service of process could be effected.

On July 24, 1974, Engle Brothers filed a motion to dismiss the complaint for lack of jurisdiction over the person alleging that process and service of process were insufficient. The thrust of the motion to dismiss was the insufficiency of the foregoing affidavit in support of service by certified mail. Subsequently, on August 19, 1974, service of process on Engle Brothers was effected by utilization of the Arizona Non-Resident Motorist Statute. On September 30, 1974, an amended motion to dis-

miss was filed by petitioner in which it realleged its previously asserted grounds for dismissal and additionally asserted the bar of the statute of limitations.

On October 9, 1974, a supplement to the opposition to the motion to dismiss was filed, stating that service had been effected upon Engle Brothers on August 19, 1974, pursuant to the provisions of the Non-Resident Motorist Statute. (It was argued that this renewed service of process cured any defects in the original service.)

On November 1, 1974, an opposition to the amended motion to dismiss and a motion to strike the defense of the statute of limitations were filed. The matter was argued on November 4th and on November 8th a minute entry order was entered denying petitioner's motion to dismiss.

We agree with petitioner that its motion to dismiss should have been granted. Before addressing ourselves to the statute of limitations issue, we briefly comment on the argument presented below as to waiver of the statute of limitations defense. Petitioner's initial motion to dismiss did not raise the limitations defense. Rule 12(h), Rules of Civil Procedure, 16 A.R.S., provides:

"A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (i)(2) hereof on any of the grounds there stated."

Rule 12(b), Rules of Civil Procedure, permits, at the option of the pleader, presentation of certain defenses by way of motions. The defense of the statute of limitations is not therein enumerated. Rule 12(c) provides for a motion for judgment on the pleadings; Rule 12(e) provides for a motion for more definite statement; and Rule 12(g) provides for a mo-

tion to strike. Thus we see that a motion to dismiss based on the statute of limitations is not a motion "herein provided for" within the ambit of Rule 12(h). We thus find no basis for sustaining the ruling below on the basis of waiver.

It is well settled in this state that the defense of the statute of limitations may be raised by way of a motion to dismiss where it conclusively appears from the face of the complaint that the claim is barred. Ross v. Ross, 96 Ariz. 249, 393 P. 2d 933 (1964); Gomez v. Leverton, 19 Ariz.App. 604, 509 P.2d 735 (1973). Examination of the subject complaint reveals that it was filed more than five years after the death of Mrs. Barragan and more than three and one-half years after the death of Mr. Barragan. Thus the two years' limitation of A.R.S. § 12–542(A)(2) had run. Under these circumstances, when the face of the complaint reflected that the claim was barred by the statute of limitations, the burden of proving the statute was tolled devolved upon the respondent real parties in interest. Anderson v. Wise, 345 S.W.2d 803 (Tex.Civ.App.1961), aff'd 163 Tex. 608, 359 S.W.2d 876 (1962); 54 C.J.S. Limitations of Actions §§ 387, 388 (1948).

A plaintiff's minority tolls the running of the statute of limitations. A.R.S. § 12–502, as amended. However, the fact that the wrongful death action was brought on behalf of the minor children of the decedents did not toll the running of the statute. Gomez v. Leverton, supra.

The absence of a defendant from the state also tolls the running of the statute. A.R.S. § 12–501. If petitioner was amenable to service of process, it was not "absent" within the meaning of A.R.S. § 12–501. Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732 (1966); Hawkinson Tire Co. v. Paul E. Hawkinson Co., 13 Ariz.App. 343, 476 P.2d 864 (1970), aff'd 107 Ariz. 255, 485 P.2d 825 (1971); Selby v. Karman, 110 Ariz. 522, 521 P.2d 609 (1974). Petitioner was a foreign corporation which, according to the affidavit in support of the use of certified mail for

effecting service, had caused an event to occur in this state out of which the wrongful death claims arose. Thus, it was amenable to service of process under Rule 4(e)(2) and therefore was not "absent." Since the real parties in interest had not met their burden of proving that the statute had been tolled, petitioner's motion to dismiss should have been granted.

The order denying the motion to dismiss is vacated and the respondent court is directed to enter a judgment dismissing the complaint with prejudice.