[No. 5067-0-III.  Division Three.  July 14, 1983.]

DANIEL E. HUNTINGTON, *as Personal Representative, Appellant*, v. SAMARITAN HOSPITAL, ET AL, *Respondents*.

*F. G. Fancher* and *Richter, Wimberley, Ericson & Woods,* for appellant.

*Garfield R. Jeffers, James M. Danielson, Douglas Takasugi, Jeffers, Danielson, Sonn & Aylward, William D. Symmes,* and *Witherspoon, Kelley, Davenport & Toole,* for respondents.

MUNSON, A.C.J.—Daniel E. Huntington, acting as personal representative for the children of Jack Bright, appeals the dismissal of a wrongful death action brought against Samaritan Hospital, Dr. Klobucher and Doctors' Clinic, Inc. The issue is whether the running of the statute of limitation is tolled in an action for wrongful death during the period of the statutory beneficiaries' minority.

On the evening of September 28, 1976, Jack Bright was taken to Samaritan Hospital by his ex–wife, Janice, and three friends for treatment of an attempted suicide. At the hospital, Mr. Bright was examined by hospital personnel and his condition reported to Dr. Klobucher, the physician on call for the hospital emergency room that night. Medicine to induce vomiting was given to Mr. Bright because he apparently had been drinking and had taken some drugs. Approximately 1½ hours after entering the hospital, Mr. Bright was released into the custody of the four people who had brought him to the hospital. These people took Mr. Bright back to his apartment, where they were going to watch him. However, they left him alone for a brief period of time during which he shot and killed himself. Mr. Bright

left four children dependent on him for support.

On January 7, 1977, Janice Bright, the decedent's ex-wife, was appointed personal representative of his estate. As personal representative, she filed a survival action[1] against the other driver who was involved in an auto accident with the decedent in 1975. The action was settled.

On November 17, 1980, Daniel Huntington filed this complaint for wrongful death and medical malpractice on behalf of Terrald, Tammy, Darrell and Juanita, minor children of Jack Bright. Terrald is a child born of his marriage to Judith; the other children were born of his marriage to Janice. Samaritan Hospital's and Dr. Klobucher's motions for summary judgment were granted. Mr. Huntington appeals.

Counsel for Janice Bright named Mr. Huntington, a partner in counsel's firm, as personal representative, without a court order as required by statute and without consulting Judith Bright. RCW 11.28.120.[2] Mr. Huntington had no authority to bring this wrongful death action; he was not duly appointed by the court. However, since the court could be petitioned for appointment of Mr. Huntington as personal representative, in the interest of judicial efficiency we will decide the case on its merits. RCW 11.28-

---

[1] A survival action pursuant to RCW 4.20.060 creates no new right of action but merely preserves a right which existed in a person at the time of his death.

[2] RCW 11.28.120 provides:

"Administration of the estate of the person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order:

"(1) The surviving husband or wife, or such person as he or she may request to have appointed.

"(2) The next of kin in the following order: (a) child or children; (b) father or mother; (c) brothers or sisters; (d) grandchildren; (e) nephews or nieces.

"(3) One or more of the principal creditors.

"(4) If the persons so entitled shall fail for more than forty days after the death of the intestate to present a petition for letters of administration, or if it appear to the satisfaction of the court that there are no relatives or next of kin, as above specified eligible to appointment, or they waive their right, and there are no principal creditor or creditors, or such creditor or creditors waive their right, then the court may appoint any suitable person to administer such estate."

.120.

Mr. Huntington contends since (a) the Washington wrongful death statute contains no time limitations, (b) the action alleges medical negligence, and (c) the applicable statute (RCW 4.16.350) specifically provides for tolling of the statute of limitation for minors, the running of the statute should be tolled during the statutory beneficiaries' minority. He also argues that although the personal representative is the only person who statutorily can bring a wrongful death action, the personal representative is merely a nominal party and the real parties in interest are the minor children or minor heirs. We disagree.

■ The wrongful death statute provides that only the personal representative can bring that action. RCW 4.20.010.[3] The statute which permits tolling of the statute of limitation due to minority, RCW 4.16.190, provides: "If a person *entitled to bring an action* . . . be at the time the cause of action accrued . . . under the age of eighteen . . . such disability shall not be a part of the time limited for the commencement of action." (Italics ours.) Wrongful death actions are strictly statutory and must be instituted by the personal representative of the deceased. *Wood v. Dunlop,* 83 Wn.2d 719, 723, 521 P.2d 1177 (1974); *Solesski v. Oregon Auto. Ins. Co.,* 11 Wn. App. 850, 526 P.2d 68 (1974). Therefore, RCW 4.16.190 does not apply. The personal representative, not the minor, possesses the claim.[4]

---

[3] The right of action for wrongful death is for the benefit of those who may be dependent upon the deceased person for support. RCW 4.20.020.

[4] Courts in other jurisdictions with wrongful death statutes very similar to Washington (only the personal representative of the decedent is entitled to bring an action for wrongful death) have held the minority of the decedent child does not toll the running of the applicable limitations period. *See* Annot., *Minority of Surviving Children as Tolling Limitation Period in State Wrongful Death Action,* 85 A.L.R.3d 162, § 7[b], at 183 (1978). *Beverage v. Harvey,* 602 F.2d 657 (4th Cir. 1979); *Hemingway v. Shull,* 286 F. Supp. 243 (D.S.C. 1968); *Engle Bros., Inc. v. Superior Court,* 23 Ariz. App. 406, 533 P.2d 714 (1975); *Gomez v. Leverton,* 19 Ariz. App. 604, 509 P.2d 735, 85 A.L.R.3d 158 (1973); *DeLoach v. Emergency Med. Group,* 155 Ga. App. 866, 274 S.E.2d 38 (1980); *Fanio v. John W. Breslin Co.,* 51 Ill. 2d 366, 282 N.E.2d 443 (1972); *Van Vactor's Adm'x v. Louisville & N.*

*Wood v. Dunlop, supra* at 723.

This wrongful death action, practically speaking, should have been brought at the same time as the survival action filed by Janice Bright.

We are constrained by the statute and the holding of *Wood v. Dunlop, supra,* to affirm and bar the wrongful death action as untimely brought.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied August 15, 1983.

Review granted by Supreme Court October 21, 1983.

---

*R.R.,* 112 Ky. 445, 66 S.W. 4 (1902); *Cugell v. Sani–Wash Laundry Co.,* 280 Mich. 286, 273 N.W. 571 (1937); *Lundberg v. Robins Dry Dock & Repair Co.,* 261 A.D. 907, 25 N.Y.S.2d 187 (1941); *Mossip v. F.H. Clement & Co.,* 256 A.D. 469, 10 N.Y.S.2d 592 (1939), *aff'd,* 283 N.Y. 554, 27 N.E.2d 279 (1940). *But see Barnette v. Butler Aviation Int'l, Inc.,* 89 Misc. 2d 350, 391 N.Y.S.2d 348 (1977), in which the court relied on *Neal v. Butler Aviation Int'l, Inc.,* 422 F. Supp. 850 (E.D.N.Y. 1976) (interpreting New York law) and *Gaudette v. Webb,* 362 Mass. 60, 284 N.E.2d 222, 61 A.L.R.3d 893 (1972), and held even though only the personal representative of the decedent could bring a wrongful death action, the statute of limitation was tolled by the children's infancy because there existed a common law cause of action for wrongful death. *Barnette* is distinguishable because the Washington wrongful death statute has been interpreted as strictly statutory in nature with no common law cause of action existing.

Several cases which hold the statutes of limitation were tolled by the infancy of minor children are distinguishable because the wrongful death statute involved provided not only that the personal representative could maintain an action but also the *heirs of the decedent. See Cox v. McDonnell–Douglas Corp.,* 665 F.2d 566 (5th Cir. 1982); *Cross v. Pacific Gas & Elec. Co.,* 60 Cal. 2d 690, 388 P.2d 353, 36 Cal. Rptr. 321 (1964); *Hun v. Center Properties,* 63 Hawaii 273, 626 P.2d 182 (1981); *Frost v. Hardin,* 1 Kan. App. 2d 464, 571 P.2d 11 (1977), *aff'd,* 224 Kan. 12, 577 P.2d 1172 (1978); *Parker v. Chrysler Motors Corp.,* 88 Nev. 560, 502 P.2d 111 (1972); *Switzer v. Reynolds,* 606 P.2d 244 (Utah 1980).

*Haakanson v. Wakefield Seafoods, Inc.,* 600 P.2d 1087 (Alaska 1979) appears to be on point here. There, the court based its holding on the legislative and public policy behind the statute of limitation when it held that the disability of a minor statutory beneficiary tolls the running of the statute of limitation in a wrongful death action.