Xavier Maxime **DUGAS**, Admr. of the Estate of Kathryn Cecile Dugas, Deceased

v.

**NATIONAL AIRCRAFT CORPORATION** and James Hart, Admr. C.T.A. of the Estate of Theodore H. Hart a/k/a Theodore Henry Hart, III, Deceased.

Betty R. **GUISINGER**, Admx. of the Estate of Christina M. Hart, Deceased

v.

**NATIONAL AIRCRAFT CORPORATION** and James Hart, Admr. C.T.A. of the Estate of Theodore H. Hart a/k/a Theodore Henry Hart, III, Deceased.

Civ. A. Nos. 40748, 40749.

United States District Court
E. D. Pennsylvania.
June 30, 1969.

Freedman, Borowsky & Lorry, Milton M. Borowsky, Philadelphia, Pa., for plaintiffs.

Montgomery McCracken, Walker & Rhoads, Sidney L. Wickenhaver, Philadelphia, Pa., for defendants.

1. National Aircraft Corporation is a citizen and resident of Pennsylvania with

## OPINION

KRAFT, District Judge.

Defendant has moved for judgment on the pleadings in these two civil actions. Briefly stated, both actions arise from an event, which occurred on December 29, 1965 when an aircraft, owned by National Aircraft Corporation and piloted by Theodore H. Hart, disappeared after it departed from South Caicos Island, in the Bahamas, in a southeasterly direction toward Puerto Rico, its intended destination. The passengers in the Piper aircraft were Christina M. Hart, the pilot's daughter, and her friend Kathryn Cecile Dugas. The aircraft was never seen nor heard from again.

The parties agree that the fatal injuries were sustained in international waters and that the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq. applies. Plaintiff agrees, moreover, that defendant's motion to transfer these cases to the Admiralty side of the Court is well taken.

The only issue remaining for our decision is whether: (1) the remedy provided by the Death on the High Seas Act is exclusive or, (2) does the Pennsylvania Survival Act [1] augment the Death on the High Seas Act, and so permit the plaintiffs to recover damages beyond the pecuniary loss provided for by the Death on the High Seas Act.

We conclude that the latter Act was intended to give a federally-recognized, uniform right to surviving dependents to recover for wrongful death on the high seas, where no such right theretofore existed in the maritime law or admiralty jurisdiction. The federal Act supplanted all state wrongful death statutes governing claims for wrongful death where the death occurred in international waters. However, the federal Act does not preclude or supersede state

its principal place of business located in Pennsylvania.

*survival statutes,* which exist independently of any state wrongful death statute.[2] Admiralty jurisdiction recognizes and preserves existing state rights unaffected by federal law. Petition of Gulf Oil Corporation, 172 F.Supp. 911, 916 (S.D.N.Y.1959); Safir v. Compagnie Generale Transatlantique, 241 F.Supp. 501, 504–505 (E.D.N.Y.1965).

██ The need for uniformity is not subverted because the survival act to be applied will be the law of the tortfeasor's residence. United States v. S. S. Washington, (E.D.Va.1959) aff'd. on the opinion below sub. nom. United States v. Texas Co., 272 F.2d 711 (4 Cir. 1959). The equitable origins of maritime law make it more flexible than jurisprudence ashore. See Mascuilli v. United States of America, 411 F.2d 867 (3 Cir. June 6, 1969).

 Generally, where death results from a negligent act two rights accrue: (1) to the dependents of the deceased, and (2) to his estate. We think it anomalous to contend, in the *circumstances,* that a shoreside death creates two actions for damages, but that a death on the high seas can give rise only to one and must exclude the other. The federal Act is silent on the subject of rights which accrue under state survival statutes. We do not think that silence must be interpreted as a preclusion of such rights.

### ORDER

Now, this 30th day of June, 1969, it is ordered that:

1. both actions are transferred to the admiralty jurisdiction of this Court;

2. the plaintiffs' demands for jury trials are stricken;

3. the defendants' motion for judgment on the pleadings, requesting dismissal of all claims for damages under the survival act of Pennsylvania, is denied.

2. Pennsylvania recognizes that a wrongful death action and a survival action are separate and distinct causes of ac-

tion. Miller v. Preitz, 422 Pa. 383, 221 A.2d 320 (1966).