**CONSTANCE GAIL TELEK, Individually and on behalf of GREGORY TELEK (Deceased), Plaintiff**

**v.**

**DOMESTIC TANKERS, INC., in personam, TEXACO, INC., in personam, and the T/S TEXACO MASSACHUSETTS, her engines, boilers, etc., in rem, and MICHALILA KARAGEORGIS S.A., in personam; and T/S STAWANDA, her engines, boilers, etc., in rem, Defendants**

Civil No. 78/241

District Court of the Virgin Islands

Div. of St. Croix

January 31, 1980

THOMAS ALKON, ESQ. (ISHERWOOD, ALKON, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for plaintiff*

JOHN R. MAYER, ESQ. (GRUNERT, STOUT, HYMES, MAYER & SMOCK), Charlotte Amalie, St. Thomas, V.I., *for defendants Domestic Tankers, Inc., Texaco, Inc. and the T/S Texaco Massachusetts*

DAVID V. O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for defendants Michalila Karageorgis S.A. and T/S Stawanda*

YOUNG, *District Judge*

## MEMORANDUM OPINION WITH ORDER ATTACHED

### I.

This matter is before the Court on motion of plaintiff for reconsideration of its order of 28 November 1979, with respect to that portion of the order directing plaintiff to elect between her remedies at law and admiralty. The Court will treat plaintiff's motion as a request for clarification.

By her amended complaint, plaintiff attempted to state two causes of action—one at law and one in admiralty. From the pleading, however, it was not possible to differentiate between these two causes. Given this obscure draftsmanship, defendant's motion to force an election was well founded and properly granted. It appears from plaintiff's motion, however, that there is some confusion as to the effect of the Court's order.

### II.

■■ Under Virgin Islands statute, 5 V.I.C. sec. 76, the personal representative of a decedent may bring a unified action for wrongful death on behalf of the survivors and the estate. Where the allegations of the complaint bring the matter within the admiralty jurisdiction, the survivors and the estate have similar causes of action under the general maritime law as established by Moragne v. States Marine Lines, Inc., 398 U.S. 375 (1970) and its progeny. This Court is not aware of any rule which mandates that the rights of the survivors must be asserted on the same side of the Court (law or admiralty) as the rights of the estate. Indeed, there is authority to

338

the contrary. See, e.g., Dugas v. National Aircraft Corp., 300 F.Supp. 1167 (E.D. Pa. 1969) (survival action under state statute joined with action under the Death on the High Seas Act).

■ Where claims at law and in admiralty are properly joined under Fed. R. Civ. P. 18(a), and involve common issues of fact, the claim in admiralty may be tried to the same jury hearing the claim at law. Haskins v. Point Towing Co., 395 F.2d 737 (3d Cir. 1968). This Court is aware of the fact that Haskins involved a Jones Act claim (law) joined by claims for unseaworthiness and maintenance and cure, whereas the present case does not involve a claim under the Jones Act. It will be observed, however, that the decision in Haskins was founded on considerations of judicial economy wholly unrelated to the specific source of the action at law. It appears that these considerations apply with equal force to the case at bar.

### III.

The plaintiff will be allowed to file a second amended complaint in accordance with the attached order. In doing so, plaintiff's attention is invited to the provisions of 5 V.I.C. sec. 76(e) requiring all potential beneficiaries in an action under that statute to be set forth specifically in the complaint.

### ORDER

For the reasons set forth in the Memorandum Opinion of even date, it is hereby

ORDERED:

That plaintiff be allowed to file a second amended complaint within a period of ten days from the date of this order.