**JOYCE Y. HATCHETTE, Plaintiff**

**v.**

**WEST INDIAN COMPANY, LTD., Defendant**

Civil No. 1979-389

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 18, 1980

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for plaintiff*

RICHARD E. DALEY, ESQ. (ISHERWOOD, ALKON, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This wrongful death action is before the Court on defendant's motion to dismiss the complaint for failure to state a cause of action under 5 V.I.C. § 76. See Fed. R. Civ. P. 12(b)(6). Because the action was brought by a party lacking capacity, the defendant's motion to dismiss will be granted.

■ The Virgin Islands Wrongful Death statute provides that the action "shall be brought by the decedent's personal representative." 5 V.I.C. § 76(d). Unlike the majority of American wrongful death statutes, 5 V.I.C. § 76 does not provide for a limitations period. However, a two-year limitations period was judicially imposed. Cintron v. Bermudez, 6 V.I. 692 (D.V.I. 1968).

The West Indian Co. asserts that the complaint should be dismissed because the action was not brought by the decedent's personal representative nor within the limitations period. Plaintiff contends: (1) that the motion to dismiss should not be considered for failure to comply with Rule 6 of the Rules of the District Court of the Virgin Islands; (2) that a beneficiary may bring an action for wrongful death if the personal representative fails to do so; and (3) that the limitations period was tolled during plaintiff's infancy. See 5 V.I.C. § 36.

■ Rule 6 of the Rules of the District Court of the Virgin Islands provides in part:

> Motions shall be accompanied by a brief which shall contain a concise statement of reasons in support of the motion and citation of all authorities upon which the movant relies.

The defendant cited statutory authority and offered factual support for its motion. The Court finds no merit in plaintiff's contention that West Indian Company's motion failed to comply with Rule 6. Accordingly, the motion will be considered.

■■ Plaintiff's second argument, that she can bring this action on her own behalf, also fails to bar dismissal. An action for wrongful death is a statutory right which does not exist at common law. Hemingway v. Shull, 286 F.Supp. 243, 245 (D.S.C. 1968); Gomez v. Leverton, 509 P.2d 735 (Ariz. Ct. App. 1973). 5 V.I.C. § 76 provides that the action shall be brought by the decedent's personal representative. Although a wrongful death action would ultimately benefit the plaintiff, as a beneficiary she lacks capacity to sue. This procedural defect is not fatal to the lawsuit because the proper party plaintiff could be readily substituted.

■ Defendant's third argument merits closer scrutiny. In most instances, plaintiff would be unable to circumvent the untimely filing of this action. The decedent died on November 2, 1974. Plaintiff commenced this suit on December 18, 1979, more than three years after the statute of limitations had run. Hatchette assents that this action is timely because the limitations period was tolled during her infancy. See 5 V.I.C. § 36. The flaw in plaintiff's argument, however, is that her disability does not extend to the personal representative authorized to bring suit. Holzager v. Warburton, 452 F.Supp. 1267, 1273 (D.N.J. 1978); Neal v. Butler Aviation Intern, Inc., 422 F.Supp. 850, 854 (E.D.N.Y. 1976); Eagle Brothers, Inc. v. Superior Court of Pima, 533 P.2d 714 (Ariz. Ct. App. 1975); Forio v. Breslin Co., 282 N.E. 443, 444 (Ill. 1972).

No personal representative was appointed for Mr. Hatchette's estate. Priority in the appointment of administrators goes first to the widow and next of kin. 15 V.I.C. § 236. Plaintiff would qualify as next of kin. At the time of her father's death Hatchette lacked the qualifications to be named administratrix due to her minority.

■ 5 V.I.C. § 36(a) provides for the tolling of limitation statutes until a person reaches the age of 21. See Galvan v. Hess Oil Virgin Islands Corp., 13 V.I. 636 (C.A.3d 1977). Now that Hatchette has reached her majority she may apply to be appointed as personal representative of her deceased father[1] and benefit from the tolling provision. Therefore defendant's motion to dismiss will be granted without prejudice.

## ORDER

The premises considered and the Court being advised

---

[1] 15 V.I.C. § 236(b) provides that next of kin must apply for the administration within 30 days of the decedent's death or waive their right. Because plaintiff lacked capacity at the time of her father's death the waiver provision is inapplicable.

IT IS ORDERED that defendant's motion to dismiss the complaint be, and the same is hereby, GRANTED without prejudice to plaintiff's right to seek Letters of Administration and thus qualify as the personal representative of her late father.