THE ESTATE OF BABY FOY, by its Administratrix,
EUGENIE FOY, and EUGENIE FOY, on her
own behalf, Plaintiffs

v.

MORNINGSTAR BEACH RESORT, INC., Defendant/
Third-Party Defendant

v.

DENISE DONOVAN, Third-Party Defendant

Civil No. 1983/210

District Court of the Virgin Islands
Div. of St. Thomas and St. John

May 27, 1986

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiff*

JAMES L. HYMES, III, St. Thomas, V.I., *for defendant, Morningstar
Beach Resort*

DENISE DONOVAN, St. Thomas, V.I., *third-party defendant, pro se*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

At issue in this motion for summary judgment is whether a fetus
which has reached 16 to 18 weeks of age can be considered a
"person" for purposes of the Virgin Islands Wrongful Death

Statute. Since we find it cannot, partial summary judgment will enter in favor of the defendant.

## I. FACTS

On July 17, 1982, an employee of Morningstar Beach Resort ("Morningstar") was involved in a traffic accident with the plaintiff, Eugenie Foy ("Ms. Foy"). At the time of the accident Ms. Foy was pregnant carrying a 16- to 18-week fetus ("Baby Foy"). Ms. Foy miscarried the fetus as a result of the accident.

On July 28, 1983, Ms. Foy filed the present action in her name and as the administratrix of the estate of Baby Foy. She alleges the defendant's negligence resulted in the wrongful death of Baby Foy, thereby damaging Baby Foy's estate.

Morningstar moved for summary judgment arguing a cause of action for the wrongful death of a 16- to 18-week fetus may not be maintained under 5 V.I.C. § 76 (1974). We agree and will enter partial summary judgment in favor of Morningstar.

## II. DISCUSSION

■ When the death of a person is caused by the wrongful act of another, the decedent's personal representative may maintain an action on behalf of the decedent's survivors and estate. 5 V.I.C. § 76(d) (1974). The term "person" is not defined in the act. 5 V.I.C. § 76(b)(1)-(5).

We have found no Virgin Islands case which defines person and therefore look to the rules of common law as expressed in the restatements of law and, to the extent not so expressed, to the rules of common law generally understood and applied in the United States. 1 V.I.C. § 4.

The Restatement (Second) of Torts § 869 states that one who tortiously injures an unborn child is subject to liability if the child is born alive. However, if the child is not born alive there is no liability unless the applicable wrongful death statute so provides. Comment (f) to § 869 explains:

> If the child is not born alive, there may still be the possibility of an action for its wrongful death, brought by the proper person under the wrongful death statute of the particular jurisdiction. Whether this action can be maintained will depend upon the language of the applicable statute and its construction by the court in determining whether the statute is intended to create the cause of action. The language of the

statutes varies and no general rule can be stated for their construction.

As noted before, the Virgin Islands wrongful death statute does not state whether an unborn child is considered a person for purposes of the act.

Two remaining items do not help resolve our tautological deadlock. Comment (e) to § 869 states:

> If the child is not born alive, no action for the prenatal injury can be maintained by the child itself, since, although it has had a legal existence, it never has attained the status of a person entitled to maintain an action.

This comment supports the defense position.

The contrary position is supported by Gullberg v. Rizzo, 331 F.2d 557 (3d Cir. 1964) which held that the Pennsylvania Wrongful Death Statute allowed an action for pre-natal injuries sustained by a viable fetus which was stillborn. Gullberg, however, is distinguishable for a number of reasons. First, the Third Circuit specifically held that the six-and-one-half-month fetus was fully formed and viable. In our case it is not clear that Baby Foy can be considered viable. Second, Gullberg cited to the First Restatement of Torts. Major changes were made in § 869 of the second restatement. Additionally, this diversity case analyzed Pennsylvania law and therefore is not binding precedent for interpreting either the legislative intent or the meaning of a specific word in a Virgin Islands statute. Finally, the Third Circuit incorrectly predicted how the Pennsylvania Supreme Court would rule on this issue.

Shortly after the Gullberg decision the Pennsylvania Supreme Court decided Carroll v. Skloff, 202 A.2d 9 (Pa. 1964) which held that an aborted fetus, which had sustained injuries in the womb, could not recover damages under either the survival statute as a wrongful death act. For all these reasons Gullberg is not controlling. Since no Virgin Islands case, restatement section or Third Circuit case resolves the issue before us, we must look to common law as applied in the majority of jurisdictions in the United States.

The nature of the issue before us makes our determination of the majority position difficult. In general, the rights of a fetus vary depending on the biological development of the fetus in question. We must therefore focus on that category of fetus cases similar to

307

Baby Foy since examination of all cases involving fetuses would distort our analysis.

Examination of relevant cases which interpret rights of fetuses indicates these cases can be grouped into three broad categories. The first category is from conception to viability ultimately ending in a miscarried or stillborn fetus.[1] Viability is normally defined as that point in time when a fetus could survive outside of the womb. Dorland's Illustrated Medical Dictionary (24th ed. 1965). The second category is defined beginning at viability until an unsuccessful birth or miscarriage.[2] The final category involves cases which end in a successful birth regardless of when the initial injury was sustained.[3]

Without attempting to determine the exact point at which viability occurs, we believe the relevant common law binding on us is contained in the first category of cases because we can logically eliminate the last two categories as factually distinct.

Since Baby Foy miscarried,[4] the final category cannot apply. We note that if Baby Foy had lived our analysis would not involve wrongful death statutes and likely would focus on Restatement (Second) of Torts § 869(1).[5]

We also can eliminate the middle category since we found no decision that considered a 16- to 18-week fetus to be viable. Therefore, the relevant category of cases are those involving nonviable fetuses whose existence ended by the fetus being either miscarried or stillborn.

---

[1] One case, Porter v. Lassiter, 87 S.E.2d 100 (Ga. Ct. App. 1955) allowed a cause of action for a "quickened" fetus that miscarried. We will include this case in our first category.

[2] See Tebbutt v. Virostek, 483 N.E.2d 1142, 1147 n.3 (N.Y. 1985) (list of twenty-eight jurisdictions which have expressly ruled in favor of permitting recovery for the death of a stillborn child where the fetus was viable and list of ten jurisdictions which have denied recovery).

[3] See generally cases cited at 40 A.L.R.3d 1222 § 3(a).

[4] We adopt as our definition for miscarry that one found in the New World Dictionary of the American Language (2d ed. 1974) 907 which defines miscarry as "to give birth prematurely to a fetus so that it does not live."

[5] Section 869 states:
One who tortiously causes harm to an unborn child is subject to liability to the child for the harm if the child is born alive.

The majority of cases in this category hold that a nonviable unborn fetus is not considered a person under the relevant wrongful death statute. Mace v. Jung, 210 F. Supp. 706, 708 (D. Alaska 1962) (nonviable four to four-and-one-half-month fetus which suffered a spontaneous abortion is not considered a person for purposes of the Alaska Wrongful Death Statute); Green v. Smith, 377 N.E.2d 37, 39 (Ill. 1978). (In a case involving a 14-week fetus, the Illinois Supreme Court held that for purposes of the Illinois Wrongful Death Statute, no cause of action exists for injuries and death of the unborn infant unless at the time of the occurrence it had attained viability.)[6] West v. McCoy, 105 S.E.2d 88, 91 (S.C. 1958) (five-month-old fetus which miscarried did not have cause of action under South Carolina Wrongful Death Statute); Poliquin v. MacDonald, 135 A.2d 249, 251 (N.H. 1957) (without stating approximate age of fetus, court held that a nonviable fetus that is injured and dies in the womb cannot maintain an action under the New Hampshire Wrongful Death Statute); Toth v. Goree, 237 N.W.2d 297 (Mich. Ct. App. 1975) (three-month-old infant not born alive held to be nonviable and not a person for purposes of the Michigan Wrongful Death Statute).

Other cases hold that a fetus must be born alive, however briefly, to have a cause of action under a wrongful death statute. E.g. Hernandez v. Garwood, 390 So. 2d 357, 358 (Fla. 1980);[7] Egbert v.

---

[6] The Court in Green noted an earlier Illinois case, Renslow v. Mennonite Hospital, 367 N.E.2d 1250 (Ill. 1977) which had rejected viability as a criterion to a common law action for prenatal injuries. The Green Court distinguished Renslow stating a common law cause of action on behalf of a live-born infant, for injuries suffered prior to its having become viable, was different from a statutory cause of action for the destruction of a fetus not yet viable. The extent of loss incurred by a living child, burdened with mental or physical defects resulting from a prenatal occurrence, is not affected by whether the injuries were suffered became viable. On the other hand, the Illinois Wrongful Death Act provides for death of a person and the Court found no basis to hold that one could cause the death of a fetus not yet viable.

[7] When a Virgin Islands statute is based on a law from another jurisdiction our law should be interpreted to mean what the courts of the other jurisdiction have construed it to mean prior to the enactment of the statute in the Virgin Islands. Williams v. Dowling, 318 F.2d 642, 643-44 (3d Cir. 1963).

Our wrongful death statute is derived from the Florida Wrongful Death Statute. Leonard v. Government, 17 V.I. 169, 171 (Terr. Ct. 1980). For a more complete analysis of the issue see Stern v. Miller, 348 So. 2d 303 (Fla. 1977) (seven-month-fetus which was stillborn has no cause of action under Florida Wrongful Death Statute). In Hernandez, supra the Florida Supreme Court did not list the age of the fetus. We are therefore uncertain whether the facts in Hernandez are distinguishable from the facts before us. Stern is distinguishable since the fetus in Stern was considerably older than the fetus before us.

Wenzl, 260 N.W.2d 480, 482 (Neb. 1977) (viable fetus not a person for purposes of the Nebraska Wrongful Death Statute); Leccese v. McDonald, 279 N.E.2d 339, 341 (Mass. 1972) (fetus, to be a person under Massachusetts Wrongful Death Statute, must be born alive); McKillip v. Zimmerman, 191 N.W.2d 706, 709 (Iowa 1971) (court held that term person in the Iowa Wrongful Death Statute only applied to those born alive thereby denying cause of action to one-month-old fetus). See also, Weitl v. Moes, 311 N.W.2d 259, 270 (Iowa 1981); Tebbutt, supra, n.3 at 1147.

Only two cases have been brought to our attention where courts would have allowed a cause of action for a four-and-one-half-month-old fetus. Presley v. Newport Hospital, 365 A.2d 748, 754 (R.I. 1976) (Rhode Island Court, though noting that the fetus in the case at hand was viable, specifically stated that the fetus, whether viable or nonviable, was a person within the meaning of the Rhode Island Wrongful Death Act). Porter v. Lassiter, 87 S.E.2d 100, 102-103 (Ga. Ct. App. 1955) (Court held a fetus, one-and-one-half-month-old at time of accident which was miscarried at 4- and one-half months, was a "child" for purposes of the Georgia Wrongful Homicide Statute). In Georgia, a fetus becomes a child when it is "quick" or capable of movement in the womb.[8]

## III. CONCLUSION

■ In summary we hold that a 16- to 18-week fetus is not a person for purposes of the Virgin Islands Wrongful Death Statute. We therefore grant Morningstar's motion for partial summary judgment and dismiss all claims involving the wrongful death of Baby Foy.[9]

## JUDGMENT

THIS MATTER is before the Court on motion of the defendant seeking partial summary judgment. The Court, having issued its memorandum opinion of even date herewith, and the premises considered, now therefore it is

---

[8] See supra footnote 1.

As is our statutory responsibility, we are bound to follow the majority rule and therefore must decline to follow the positions articulated in Presley and Porter. 1 V.I.C. § 4.

[9] We note that our result is identical to a decision by Chief Judge Almeric Christian involving the same issue. See Estate of Baby Brin v. Grand Union, Civ. No. 1983-223, 1986 St. T. Supp. — (D.V.I., April 3, 1986).

ORDERED AND ADJUDGED:

THAT the defendant's motion for partial summary judgment be, and the same, is hereby GRANTED, and further

THAT Count III of the complaint be, and the same, is hereby DISMISSED WITH PREJUDICE.