**ALEXANDER RAMOS, by and through his legal guardian, JACQUELINE RAWLINS, Plaintiff,**

**v.**

**ABRAMSON ENTERPRISES, INC. and WILLIAM PENNICK, Defendants**

CIV. NO. 484/1999

Territorial Court of The Virgin Islands

Division of St. Croix

April 28, 2000

ESZART A. WYNTER, SR., ESQ., Law Offices of Eszart A. Wynter, Sr., P.C., Frederiksted, St. Croix, U.S. Virgin Islands, *for Plaintiff*

HENRY L. FEUERZEIG, ESQ., Dudley, Topper and Feuerzeig, St. Thomas, U.S. Virgin Islands, *for Defendants*

WILLIAM PENNICK, St. Croix, U.S. Virgin Islands, *Pro se*

CABRET, *Judge*

### MEMORANDUM OPINION

(April 28, 2000)

This matter is before the Court on the motion of Defendant, Abramson Enterprises, Inc. ("Abramson") to dismiss the complaint. Abramson contends that the complaint is time-barred. For reasons which follow, the Court disagrees and will therefore deny the motion.

## I. FACTS AND PROCEDURAL HISTORY

The relevant facts and procedural history are undisputed. On November 15, 1999, Jacqueline Rawlins, as the legal guardian of Alexander Ramos, filed a complaint against the defendants. In the complaint, Rawlins alleged that on January 28, 1997, the defendants negligently caused injuries to Ramos, a minor, while transporting him to his elementary school.

## II. DISCUSSION

Abramson has moved to dismiss the complaint on the ground that is was filed after expiration the two-year statute of limitations applicable to personal injuries. *See* V.I. Code Ann. tit. 5, § 31(5)(A) (1997). Rawlins opposes the motion arguing that the minority of Ramos, on whose behalf she filed the action, tolled the period of limitations. *See* V.I. Code Ann. tit. 5, § 36(a)(1) (1997). Abramson acknowledges that section 36 tolls the period during which Ramos may personally file suit, but argues that it does not toll the period during which a legal guardian can sue. According to Abramson, Rawlins could have sued as guardian within two years of the accident, but because she did not, Ramos must now wait until he reaches the age of majority to assert his cause of action. The Court disagrees.

A plain reading of section 36 does not support Abramson's argument. This Code section provides:

> If any person entitled to bring an action mentioned in this chapter is, at the time the cause of action accrues (1) under the age of twenty-one years ... the time of such disability shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases.

*Id.* This Code section, which extends the time limit in which a minor may commence a civil action, does not preclude a minor's representative from suing on behalf of the minor during the period of disability. Likewise, Federal Rule of Civil Procedure 17(c), which authorizes a guardian to sue on behalf of an infant, does not impose the restriction urged by Abramson in the instant motion.

Furthermore, although the Court is unaware of any authority from this jurisdiction that addresses the issue, the Eighth Circuit

12

addressed the question in *Johnson v. United States*, 87 F.2d 940 (8th Cir. 1937). There, the court rejected the same argument asserted by Abramson in this case, observing that such argument defies public policy and common sense:

> The general policy of the law is that causes of action ought to be tried in courts before the evidence is lost and while memory is fresh. It would be strangely lacking in common sense to compel an infant to wait helpless and without possibility of redress for his grievances during the period between the expiration of the limitation barring actions by those of full age and of sound mind and the time of reaching his majority. Such a meaning would not be adopted unless compelled by statutory language of unmistakable import. The reasonable construction of the section is that the action may be maintained by the minor at any time before it is finally barred. That is the conclusion reach by all courts, so far as we are aware, where the question has been raised.

*Id. at 943.* Considering the plain language of the tolling statute, the policy considerations and what appears to be the rule in the majority of jurisdictions, the Court concludes that Rawlins' suit, filed on behalf of Ramos, is not barred by the two-year statute of limitations.

The authority relied upon by Abramson does not require a different result. In *Hatchette v. West Indian Co.*, 1980 U.S. Dist. LEXIS 8945, 17 V.I. 549 (D.V.I. 1980), the only case cited by both parties, the district court considered the implications of section 36 on a minor plaintiff's suit under the Virgin Islands wrongful death statute. In *Hatchette*, the minor plaintiff filed a wrongful death suit under title 5. section 76(d) of the Virgin Islands Code. Under the wrongful death statute, the action must have been "brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate[.]" V.I. Code Ann. tit. 5, § 76(d) (1997). The claim was undisputedly filed more than two years after the cause of action accrued, and the defendant moved to dismiss based on the applicable two-year statute of limitation. The plaintiff opposed the motion arguing that, *inter alia,* the limitations period was tolled because she was a minor. In rejecting the plaintiffs argument, the court said: "the flaw in plaintiffs argument ... is that her disability does not extend to the personal representative authorized to bring suit." *Hatchette*, 17 V.I. at 551.

13

Although Abramson relies on this seemingly broad statement in support of its argument that the tolling provision at issue does not extend to the guardian in the instant case, a close reading of the statutes shows that the ruling in Hatchette must be limited to its facts. In *Hatchette*, the minor plaintiff was not the decedent's personal representative but merely, as stated by the court, a statutory beneficiary under the wrongful death act. Section 36, the tolling provision upon which the plaintiff relied, tolls the limitation period only for the "person entitled to bring an action." title 5, § 36(a). The wrongful death statute clearly differentiates between the person who is entitled to bring an action and a person who is a beneficiary of the action. *See* Title 5, § 76(d). Because the plaintiff in *Hatchette* was merely a statutory beneficiary and was therefore not entitled to bring the action, the tolling provision of section 36(a) would not, as stated by the court, extend to the personal representative authorized to bring suit. *See Gomez v. Leverton*, 19 Ariz. App. 604, 509 P.2d 735 (Ariz. Ct. App. 1973) (analyzing almost identical statutes and *cited in Engle Brothers, Inc. v. Superior Court of Pima*, 23 Ariz. App. 406, 533 P.2d 714 (Ariz. Ct. App. 1975), which was relied on by the district court in *Hatchette*). Because the wrongful death statute is not at issue here, the reasoning in *Hatchette* does not apply.

## III. CONCLUSION

For the reasons stated above, the Court concludes that this action is not barred by the statute of limitations. Rawlins filed the action as the legal guardian of Ramos, a minor. Under Virgin Islands law, the statute of limitations is tolled due to the disability of a person under the age of 21 years. In this case, the tolling provision allowed Rawlins to file the action during Ramos' period of disability.

## ORDER

THIS MATTER is before the Court on a Motion to Dismiss filed by Defendant, Abramson Enterprises, Inc. For the reasons stated in the Court's Memorandum Opinion of the same date, it is hereby

ORDERED that Defendant's Motion to Dismiss is DENIED.