**G. VERNON FLEMING, as parent and guardian of
GREGORY EARL FLEMING (minor) and as
administrator of the ESTATE OF LEONA
ROUSE (deceased), Plaintiffs
v.
WHIRLPOOL CORPORATION, ALVIN TURNBULL and
RITSIA TURNBULL, Defendants;
WHIRLPOOL CORPORATION, Third-party Plaintiff
v.
WALTER GEORGES, ANTILLES GAS CORPORATION,
and JOHN DOE, Third-Party Defendants**

Civ. No. 2001-128 M/B, Civ. No. 2001-145, Civ. No. 2002-221

District Court for the Virgin Islands

Division of St. Thomas and St. John

January 28, 2004

439

JOEL HOLT, ESQ., St. Croix, U.S.V.I., *for plaintiffs*

GARRY GARTEN, ESQ., St. Thomas, U.S.V.I., *for Whirlpool Corporation, defendant*

GEORGE R. NEUHAUSER, ESQ., Atlanta, GA., *for Whirlpool Corporation, defendant*

MOORE, *District Judge*

## MEMORANDUM

(January 28, 2004)

## I. INTRODUCTION

The plaintiffs filed a wrongful death action against Whirlpool, a gas stove manufacturer, based on product liability and negligence. *Fleming v. Whirlpool Corp.,* Civ. No. 2001-145 (D.V.I.).

Whirlpool has moved to dismiss plaintiffs' claims for the pain and suffering of decedent Leona Rouse from the date of her injury until her death, under V.I. CODE ANN. tit. 5, § 77. Because these pleadings under section 77 fail to state a claim for which relief can be granted, I will grant the motion to dismiss.

Plaintiffs' motion to amend the complaint to include Patrick Rouse, another son of the decedent, as a survivor pursuant to 5 V.I.C. § 76 will be granted.

## II. BACKGROUND

On December 18, 2000, Leona Rouse and her son Gregory Earl Fleming were injured by an explosion at No. 133 Estate Mahogany, St. Thomas, U.S.V.I. The Fire Marshal determined that a leak in the propane gas line next to the stove caused the explosion. Leona Rouse later died from her injuries on January 14, 2001.

On February 1, 2001, G. Vernon Fleming filed a negligence action in the St. Croix division of this Court against the owners of the apartment on behalf of his son and his son's deceased mother (Civil No. 2001-15F). On April 25, 2001, G. Vernon Fleming ["Fleming" or "plaintiff"] amended his complaint to add Whirlpool Corporation as a defendant for wrongful death and damages. This first amended complaint alleged subject matter jurisdiction pursuant to 4 V.I.C. § 32(a) (Supp. 1997), 5 V.I.C. § 76, and 28 U.S.C. § 1332. On June 25, 2001, the case was transferred to the Division of St. Thomas-St. John and given its present Civil No. 2001-0128M/B.

On August 20, 2001, plaintiff Fleming sued Whirlpool Corporation under Civil No. 2001-145. On September 5, 2001, plaintiff amended Counts II and IV of this complaint to request damages under section 77, as amended:

30. Pursuant to 5 V.I.C. § 76 [as amended] Whirlpool is liable for damages to the Estate of Leona Rouse, including pain and suffering from the date of the incident until her death as provided in 5 V.I.C. § 77 [as amended], and to Gregory Earl Fleming, Grisha Fleming, Patrick Rouse and Allison Frank as the survivors of Leona Rouse pursuant to 5 V.I.C. § 76 [as amended] resulting from the product defects resulting in the wrongful death of Leona Rouse.

....

36. Pursuant to 5 V.I.C. § 76 [as amended] Whirlpool is liable for damages to the Estate of Leona Rouse, including pain and suffering from the date of the incident until her death as provided in 5 V.I.C. § 77 [as amended], and to Gregory Earl Fleming, Grisha Fleming, Patrick Rouse and Allison Frank as the survivors of Leona Rouse

pursuant to 5 V.I.C. § 76 [as amended] resulting from the negligence of Whirlpool resulting in the wrongful death of Leona Rouse.

(September 5, 2001, Civ. No. 2001-145 Compl. ¶¶ 30, 36.) (emphasis added).

The Virgin Islands Legislature has statutorily altered the common law of torts by enacting Sections 76 and 77 of Title 5 of the Virgin Islands Code. Section 76 provides a cause of action for wrongful death; no such cause of action existed at common law. *See Hatchett v. West Indian Co.*, 17 V.I. 549 (D.V.I. 1980). Section 76(d) requires that the action be brought by the decedent's personal representative who recovers for the wrongful death on behalf of both the decedent's survivors and the decedent's estate.

At common law, the death of a party extinguished all causes of action for personal injury. *See Farrington v. Benjamin*, 100 F.R.D. 474, 20 V.I. 470 (D.V.I. 1984). Section 77 provides for the survival of these tort actions upon the death of either a liable party (tortfeasor), an injured party, or "any other person who owns any such thing in action." If the injured party dies before judgment, the damages recovered form part of the decedent's estate.[1]

█ Under the statutory scheme, relief can only be granted pursuant to either section 76 or section 77, but not both, because each section governs a different factual scenario. If the tortfeasor's wrong did not cause the death, plaintiffs recover under section 77. If the tortfeasor's wrong did cause the death, plaintiffs must recover damages under section 76. *See Mingolla v. Minnesota Min. Mfg. Co.*, 893 F. Supp. 499, 507 (D.V.I. 1995). Nothing in the Legislature's recent amendments to sections 76 and 77, made effective on July 18, 2001, changed this structural principle of the statutory scheme. Act No. 6413, § 5, Sess. L. 2001, p. 39 (June 5, 2001).

---

[1] This Court elaborated on section 77's survival statute as follows:

> The survival plaintiff simply seeks recovery for the pre-death injuries which generally are not related to the decedent's death. The survivors of a.person injured in a fall, for instance, who later dies of cancer, may bring a cause of action under the survival statute ...

*Mingolla v. Minnesota Min. Mfg. Co.*, 893 F. Supp. 499, 507 (D.V.I. 1995).

Section 77 initially did not allow the estate of the injured person or her survivors to recover "damages for pain, suffering and disfigurement, ... punitive or exemplary damages, ... prospective profits or earnings after the date of death." 5 V.I.C. § 77 (1997). The 2001 amendment newly allowed these damages:

> When the person entitled to maintain such an action dies before judgment, the damages recoverable for such injury may include loss of earnings and expenses sustained or incurred as a result of the injury may include damages for pain, suffering and disfigurement, or punitive or exemplary damages, or prospective profits or earnings after the date of death.

5 V.I.C. § 77 (1997 & Supp. 2003).

Before the amendment, section 76(d) extinguished any cause of action for personal injury when such an injury resulted in the death of the injured party. V.I. CODE ANN. tit. 5, § 76(d) (1997). In 2001, the legislature amended section 76(d) to instead preserve the cause of action for personal injury: "when a personal injury to the decedent results in his death, any action for the personal injury shall survive, whether or not filed at the time of death, and shall not abate." 5 V.I.C. § 76(d) (1997 & Supp. 2003). Even though any *action* for personal injuries now survives when the death results from the tort, the *damages* section still does not allow recovery for certain personal injury damages, *e.g.* non-economic damages like decedent's pain and suffering, and punitive or exemplary damages.

Defendant Whirlpool has moved to dismiss any and all section 77 survival action claims from the pending suit on several grounds, but it primarily argues that plaintiffs' wrongful death actions must be based solely on section 76 and that this section does not allow plaintiffs' claim for decedent's pain and suffering.

## III. DISCUSSION

### A. Rule 12(b)(6) Standard

In determining a Rule 12(b)(6) motion to dismiss, "the material allegations of the complaint are taken as admitted," and the Court must liberally construe the complaint in Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969)

(citing FED. R. CIV. P. 8(f) and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). All reasonable inferences are drawn in favor of the plaintiff. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). Further, the Court must follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46; *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994).

## B. Plaintiff's claims for *section 77* damages are dismissed for failure [**8] to state a claim

█ Wrongful death actions must be brought under section 76 and may not include claims for personal injuries now allowed under section 77. This Court has already explicitly held that the V.I. wrongful death and survival statutes create distinct causes of action:

> When the injury to the decedent results in his death, however, the survivors must prosecute their claims in a [wrongful death] suit. In enacting [the Virgin Islands Wrongful Death Act], the Legislature intended to put an end to multiple lawsuits under the survival statute [section 77] for "death-resulting" personal injuries. Sections 76(d) and 76(e) were designed to force all survivors and beneficiaries to pursue an action for personal injuries resulting in death under VIWDA exclusively.

*Mingolla v. Minnesota Min. Mfg. Co.*, 893 F. Supp. 499, 507 (D.V.I. 1995). The Legislature's 2001 amendments do nothing to disturb the statutory dichotomy between section 76 and 77. The decedent's personal representative can plead claims under both section 76 and 77 only in the *alternative,* in other words, if it is not clear whether the actionable injury caused the decedent's death. In any event, the estate can recover damages only under one of these sections.[2] Where it is clear that the actionable injury did cause decedent's death, a plaintiff's claims are limited to those statutorily provided under section 76. Once again, the Legislature's 2001 amendments do not alter the damages recoverable under section 76.

---

[2] In *Mingolla,* this Court explained that such a limitation was compelled by "the principles of *res judicata* and collateral estoppel." *Id.* at 508.

■ Rather than pleading in the alternative, the plaintiffs in the case *sub judice* clearly allege that Whirlpool is liable for the personal injuries to Leona Rouse which caused her death. Therefore, the plaintiffs' recovery is limited to that for wrongful death provided in section 76, which does not include pain and suffering.

Section 76 simply cannot be interpreted to allow recovery for the decedent's pain and suffering. First, its plain language is clear. Sections 76(d) and 76(e) specifically limit the recovery to those damages that are enumerated. Section 76(d) states that the "personal representative ... shall recover ... all damages, *as specified in this section,* caused by the injury resulting in death." (emphasis added). Section 76(e) prefaces the list of damages allowed by stating that "Damages may be awarded as follows ... ." Section 76(e)(6) enumerates the damages the personal representative may recover on behalf of the decedent's estate and limits them to economic damages. Other subsections allow a survivor to recover non-economic damages that he or she personally suffered as a result of the decedent's wrongful death. Nowhere does the statute allow the estate to recover compensation for the decedent's pain and suffering or any other non-economic damages.

Section 76 is clear and unambiguous on its face. In such a case, "it is assumed that the plain and ordinary meaning of the statute was intended by the legislature." 2A NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 46.01 (5th ed.); see *also Wilson v. U.S. Parole Com'n,* 193 F.3d 195, 198 (3d Cir. 1999). Even if it were appropriate to look to the legislative intent, such an examination would only support the finding that the estate cannot recover the decedent's pain and suffering. In 2001, the Legislature amended section 77 to allow, *inter alia,* the recovery of pain and suffering in survival actions. The Legislature did not, however, amend section 76's specific enumerations to allow pain and suffering in wrongful death actions. *See* Act No. 6413, § 5, Sess. L. 2001, p. 39 (June 5, 2001). The Legislature also amended the wrongful death section to add potential beneficiaries and to allow personal injury actions to survive the victim's death. *Id.* at 38. Although the legislators revised the wrongful death act, they chose not to amend the damages recoverable under section 76.[3]

---

[3] Additionally, this Court and others in this jurisdiction have looked to Florida case law because it has wrongful death and survival statutes with similar text. *See Leonard*

■ Whirlpool contends that Civ. No. 2001-145 is a wrongful death action filed under section 76 and excludes plaintiffs' section 77 claims for pain and suffering. I agree and find beyond doubt that plaintiffs can prove no set of facts in support of their section 77 damage claims that would entitle them to relief. *See Conley,* 355 U.S. at 45-46. I accordingly will grant Whirlpool's Rule 12(b)(6) motion to dismiss Leona Rouse's claims for pain and suffering in Counts II and IV.[4]

## C. Plaintiff's motion to amend is granted

■ On May 8, 2002, plaintiff moved under Rule 15 of the Federal Rules of Civil Procedure to amend the complaint to add Patrick Rouse, decedent's son, as a survivor pursuant to his section 76 claims. I find that this amendment is necessary because "all potential beneficiaries of a recovery for wrongful death ... shall be identified in the complaint and their relationships to the decedent shall be alleged." 5 V.I.C. § 76(e). Moreover, I find no prejudice to defendant Whirlpool, so the motion to amend is granted.

## D. CONCLUSION

Because wrongful death actions must be brought under section 76, I strike any reference to section 77 claims and decedent's pain and suffering from the complaint and I dismiss those claims from this action.

---

*v. Government of the Virgin Islands,* 17 V.I. 169, 171 (Terr. Ct. 1980); *Richardson v. Knud Hansen Memorial Hospital,* 744 F.2d 1007, 1011; *Mingolla,* 893 F. Supp. at 507. Florida case law does not allow recovery of the decedent's pain and suffering under their wrongful death act. *See Stewart v. Price,* 718 So. 2d 205, 209 (Fla. 1st DCA 1998); *Beverly Enterprises Florida, Inc. v. Spilman,* 661 So. 2d 867 (Fla. 5th DCA 1995); *Arthur v. Unicare Health Facilities, Inc.,* 602 So. 2d 596, n.1 at 598 (Fla. 2d DCA 1992). Another Florida court explained that a decedent's claim for pain and suffering would be hard to prove because it would have to be based on the testimony of others. *See Martin v. United Security Services, Inc.,* 314 So.2d 765, 771 (Fla. 1975). This same court praised the Florida legislature's decision to allow survivors to recover for their personal pain and suffering as a much more reasonable alternative to the prospect of having to divide up recovery of the decedent's pain and suffering. *Id.* These policy reasons highlighted in the Florida case law further support the plain meaning of the Virgin Islands Wrongful Death Act.

[4] Because plaintiff's section 77 damages are dismissed for failure to state a claim, I need not address defendant's other arguments.

The plaintiff's motion to amend is required under section 76(e) and will be granted because it does not prejudice defendant.