**CIRILA BERAS DE RODRIGUEZ, Personal Representative of the Estate of LEOPOLDO MONTAS-BERAS, Plaintiff**

**v.**

**HESS OIL VIRGIN ISLANDS CORP., Defendant**

BERAS DE RODRIGUEZ v. HESS OIL VIRGIN ISLANDS CORP.

Civil No. 740/1993

Territorial Court of the Virgin Islands

Division of St. Croix

December 3, 2004

THOMAS ALKON, ESQ., Alkon & Meaney, St. Croix, United States Virgin Islands, *Attorney for Plaintiff.*

LEE J. ROHN ESQ., Law Offices of Lee J. Rohn, St. Croix, United States Virgin Islands, *Attorney for Giser Lilian Ortiz, a minor through next of kin, Aurelia Ortiz Mejia.*

RICHARD M. PRENDERGAST, ESQ., Moore & Sopuch, PC, St. Croix, United States Virgin Islands, *Attorney for Defendant.*

DONOHUE, *Judge*

## MEMORANDUM OPINION

(December 3, 2004)

### I. INTRODUCTION

THIS MATTER came before the Court on two petitions for approval of settlement. The Personal Representative, Cirila Beras De Rodriguez, filed one of the petitions for approval of settlement on behalf of minors Juan Bernales Montas-Beras and Juana Yissel Montas-Beras and the other petition filed by Lee Rohn, Esq. on behalf of minor Giser Lilian Montas-Beras. On April 2, 2004, a hearing for the approval of the settlement was held. For the reasons set forth below, the Court will approve the settlement amount but will modify the distribution of the settlement to the surviving minors and will reduce the percentage of attorney's fees to be deducted from the total settlement amount distributed to each minor.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Leopoldo Montas-Beras ("decedent") died as a result of a work related accident that occurred on June 11, 1993. The decedent was employed by an independent contractor of the Defendant and was on Defendant's premises when the accident occurred. The decedent received his fatal

injuries when he activated a bucket truck-lifting device without properly securing the vehicle and as a result of his failure to utilize safety belt equipment that had been provided to him. Unfortunately, the unblocked vehicle rolled from the hill upon which decedent had parked and struck an obstacle. Plaintiff's decedent fall from the bucket resulted in fatal injuries.

On September 16, 1993, Plaintiff filed a wrongful death claim against HOVIC alleging that the Defendant was negligent in failing to inspect and repair the defective chattel, a bucket truck, prior to supplying it to the decedent, thereby causing the decedent to be hurled from the truck resulting in his fatal injuries. HOVIC filed an Answer and Affirmative Defenses to Plaintiff's Complaint on October 22, 1993.

Plaintiff is the sister of the decedent and a resident of St. Croix, U.S. Virgin Islands. At the time of his death, the decedent, a resident alien, was a citizen of the Dominican Republic and worked in the Virgin Islands. Before moving to St. Croix, the decedent fathered Juan Bernales and Juana Yissel in the Dominican Republic. The children remain residents of the Dominican Republic. While employed on St. Croix, the decedent supported his children by wiring money to the Dominican Republic. After the decedent's death, but before commencement of this suit, Aurelia Ortiz Mejia claimed to have delivered a child, born Giser Lilian Ortiz, (now Giser Lilian Montas-Beras), who was fathered by decedent. On June 30, 1993, Plaintiff, Cirila Beras de Rodriguez was appointed personal representative of the decedent's estate. Plaintiff in her complaint identified all three children as potential survivors of the decedent. In a matter separate to the case pending before this Court, a question was raised by Plaintiff as to whether the minor Giser Lilian Ortiz was in fact the daughter of the decedent for the purpose of receiving Workers' Compensation death benefits. The Department of Labor awarded benefits to the children who were residents of the Dominican Republic, but benefits were denied to the minor, Giser Lilian Ortiz. However, the minor Giser Lilian Ortiz was awarded death benefits by the United States Social Security Administration.

Because of a perceived conflict between the potential survivors, Attorney Lee J. Rohn entered an appearance on behalf of Giser Lilian and her mother Aurelia Ortiz Mejia. Her notice made the representation that she was co-counsel in the matter, but that she solely represented the interest of the child Giser Lilian. The law firm of Alkon, Rhea & Hart

continued to represent the personal representative and the minors Juan Bernales and Juana Yissel. Thereafter, Attorney Lee J. Rohn, advised counsel for Defendant and their insurance representative, Ms. Jacqueline Ward, that both sets of survivors would have to agree to any settlement that purported to bind all.

On December 7, 1995, Attorney Thomas H. Hart III and Jacqueline Ward of Zurich American Insurance Company signed a Settlement Agreement purported to be on behalf of the Personal Representative "to include all claims of any and all alleged survivors." The Settlement Agreement specifically stated that it was "subject to approval of the Court." This phrase was necessary in order to clarify that the Court approved distribution of these funds to the minor survivors pursuant to 5 V.I.C. § 76(i) (1996). The settlement agreement is in the amount of $360,000.00 and purports to be in full and final settlement of any and all claims of all alleged survivors of the decedent. A release and stipulation for dismissal of action were never executed. Defendant filed its Motion to Enforce Settlement on October 10, 1996 when the plaintiff failed to bring the agreement to the Court as agreed to by the parties on the grounds that the parties had reached an agreement that was final and binding. Defendant further asserts that the parties' agreement bound all of the survivors of the decedent as named by the personal representative. Plaintiff's response was filed on October 22, 1996 on the grounds that 1) the settlement agreement was not binding 2) Plaintiff repudiated the Agreement before it was final 3) Defendant had actual knowledge that any settlement required approval by all survivors 4) the settlement was not in the best interest of all the minors. Defendant's reply to Plaintiff's opposition was filed with the Court on October 30, 1996. Counsel for Giser Lilian Ortiz filed an opposition to the Defendant's motion on November 6, 1996 contending that the agreement was indeed invalid in that the parties to the settlement had knowledge that they lacked the authority to and any action to enforce the settlement should be rejected. Defendant filed a response to Ortiz's opposition on November 25, 1996 asserting that the minor Giser Lilian Ortiz lacked standing to oppose the efforts of the Defendant.

On June 6, 2001, the Court heard oral arguments on the parties' submissions. Subsequently, on or about November 20, 2003, both the personal representative and counsel for the minor Giser Lilian submitted Motions to Approve Settlement Agreement, with counsel for Giser Lilian

representing to the court that her client now approved the settlement as counsel had been able to secure additional funds in the amount of $290,000.00 to be distributed only to her client Giser Lilian Montas-Beras.

A hearing for approval of the settlement agreement was held on April 2, 2004.

## III. DISCUSSION

### A. Settlement Agreements Under the Virgin Islands Wrongful Death Act

■ Plaintiff brought this action under the Virgin Islands Wrongful Death Act, Title 5 V.I.C. Section 76 ("the Act").[1] As the Decedent's personal representative[2] Plaintiff is vested with the right to bring suit on behalf of the decedent's beneficiaries.[3] Because the beneficiaries under the agreement are minor, under the Act the Court must approve the agreement.[4] In approving a settlement agreement for a minor, the Court will make a determination as to whether the gross amount of the

---

[1] Title 5 V.I.C. § 76(c) provides:

· (c) When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or water-craft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this section notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony.

[2] Plaintiff was named Decedent's Personal Representative by order of The Honorable Patricia Steele dated June 30, 1993.

[3] Title 5 V.I.C. § 76(d) provides:

(d) The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this section, caused by the injury resulting in death. When a personal injury to the decedent results in his death, any action for the personal injury shall survive, and any such action pending at the time of death shall not abate. The wrongdoer's personal representative shall be the defendant if the wrongdoer dies before or pending the action. A defense that would bar or reduce a survivor's recovery if he were the plaintiff may be asserted against him, but shall not affect the recovery of any other survivor.

[4] Title 5 V.I.C. Section 76(i) provides:

While an action under this section is pending, no settlement as to amount or apportionment among the beneficiaries which is objected to by any survivor or which affects a survivor who is a minor or an incompetent shall be effective unless approved by the court.

settlement is appropriate, including the amount of attorney fees. See 53 AM. JUR. *Trials* 1 § 313.[5]

■ Title 5 V.I.C. § 76(i) provides in part that, "no settlement as to amount or apportionment ... which affects a survivor who is a minor or an incompetent shall be effective unless approved by the court". There is a presumption within the statute that the parties are in agreement, which it is formally presented to the court. The Court's power is not in making agreements, but in ensuring their effectiveness. The parties involved in this matter are in agreement, so the Court's power under the statute is implicated.

## B. Fairness Of The Settlement Agreement

In light of the foregoing, this Court must now decide whether the agreement between the parties is one that is appropriate and fair to all the minors involved in this case. The settlement agreement presented to the Court for approval purports to distribute the amount accordingly: As pertains to the minors, Juana Yissel Montas-Beras and Juan Bernales Montas-Beras:

- Each minor, would each receive **$120,000.00.**
- From each settlement amount, 33 1/3% would be distributed to their attorney for payment of their fees; **$655.46** from each settlement amount would be deducted for payment of costs, and; **$4,750.00** would be deducted from each minor's funds as payment to Cirila Beras de Rodriguez in reimbursement of her costs.[6]

Each child would receive a net settlement of **$74,595.00** after deductions for fees and costs.

As pertains to Giser Lilian Montas-Beras:

- She would receive **$120,000.00** (1/3 of the original settlement amount), and an additional **$290,000.00** for a total of **$410,000.00.**

---

[5] "In actions where there are multiple claimants, the court must ensure that the proportion of settlement proceeds awarded the petitioning minor is fair and representative."

[6] Plaintiff's Petition to Approve Settlement and Appoint Guardian of the Property for Minors.

- From the gross amount, **$136,666.66** would be deducted for attorney fees, and **$257.81** would be deducted for costs.

The minor would receive a net amount of $273,075.53 after deductions for fees and costs.[7]

At the April 2, 2004 hearing to approve the proposed settlement, all parties were in attendance; Attorney Thomas Alkon on behalf of the personal representative, Attorney Glenda Cameron on behalf of the minor Giser Lilian Montas-Beras and Attorney John A. Sopuch on behalf of the defendant HOVIC. It was the general contention of the parties that the case would have been more difficult to defend against Giser as opposed to the other two children of the deceased[8] because she was three days old when her father died and therefore lost his companionship for a greater amount of time and could prove greater economic injury,[9] as well as the paternity issue.[10]

The Court finds that the explanation given by the parties does not adequately explain the vast difference in the settlement amounts of the children. The minor Giser was born three days before the decedent died. She never had a relationship with the decedent. The minors Juan and Juana were 3 and 6 years old, respectively, at the time of the decedent's death. The decedent left them in the Dominican Republic to work here in the Territory and wired money to them while he was alive.[11]

██ Counsel for the minor Giser Lilian Montas-Beras attempted to represent to the Court that she was co-counsel to the wrongful death action, but that she represented only the interest of the aforementioned minor child.[12] In order to be co-counsel to a wrongful death action, Virgin Islands law requires that each attorney represent the personal representative, who is the only individual with standing to enter into a

---

[7] Motion for Approval of Settlement of a Minor, filed with the Court on November 20, 2003 by Aurelia Ortiz Mejia as next of kin to the minor, Giser Lilian Montas-Beras.

[8] Hearing Transcript, April 2, 2004. P. 10 LL 2-22.

[9] *Id.* at p. 11, lines 17-23.

[10] Although named in the original complaint as a survivor of the deceased, there was a paternity determination declaring the minor the daughter of the deceased until after the present case was initiated and pending.

[11] Memorandum of Law in Support of Plaintiff's Opposition to Motion to Enforce Settlement Agreement, p. 2 and Exhibit 5. Filed October 22, 1996.

[12] Notice of Appearance filed with the Court on November 9, 1993, by Attorney Lee J. Rohn.

settlement agreement on behalf of the minor children.[13] 5 V.I.C. 76(d) provides that the decedent's personal representative shall bring the wrongful death action on behalf of the decedent's beneficiaries and his estate. This statute effectively takes away the individual beneficiary's right to sue. Title 5 V.I.C. Section 76(e) further provides in part that "all potential beneficiaries of a recovery for wrongful death including the decedent's estate, shall be identified in the complaint and their relationships to the decedent shall be alleged." By order of the Court dated June 30, 1993, the Plaintiff was named the Decedent's personal representative. As such, any wrongful death action on behalf of the decedent's beneficiaries or estate became vested in her. As personal representative, the Plaintiff is tasked with the duty of naming all of the decedent's beneficiaries to the action and ensuring that they had legal representation. Plaintiff hired the firm of Alkon, Rhea & Hart to represent her in this action and that firm in turn represents all named beneficiaries to the action. In a letter from Attorney Rohn to Alkon, Rhea & Hart, Ms. Rohn states that she was contacted by the mother of Giser Lilian regarding representing the child in the wrongful death action of her father.[14] Still, her alleged status as co-counsel essentially bifurcates the settlement action in a manner not consistent with the intent of the statute. Wrongful death statutes have been regarded as giving a single indivisible right to sue usually through a personal representative for the benefit of the decedent's survivors. 22 AM. JUR. 2D, *Death* § 25. Virgin Islands law provides that the decedent's personal representative shall bring the wrongful death action. See 5 V.I.C. § 76(d); See also *Estate of Baby Foy ex rel. Foy v. Morningstar Beach Resort, Inc.*, 22 V.I. 305,635 F. Supp. 741 (1986); *Telek v. Domestic Tankers, Inc.*, 17 V.I. 337 (D.C. 1980). The personal representative is responsible for recovering damages for the benefit of the decedent's survivors and estate. *Id.* This unified action brought on behalf of the beneficiaries takes away the individual beneficiary's capacity to sue. *Hatchette v. West Indian Co.*, 17 V.I. 549 (D.C. 1980).

Although attorney for Giser Lilian uses the term "co-counsel," her actions are evidence that she seeks to benefit only one beneficiary rather

---

[13] 5 V.I.C. § 76(d)

[14] Giser Lilian Ortiz' Opposition to Defendant's Motion to Enforce Settlement, Exhibit 2. Filed November 6, 1996.

than all three. In fact, she represented to the individual with authority to settle for the defendant that her client, "the infant girl born in St. Croix the week before Montas died was the only true claimant, the only child deserving any money."[15] This statement alone is evidence that Ms. Rohn did not become involved in this action on behalf of the personal representative. For Attorney Rohn to be true co-counsel in this matter would mean that she represents the personal representative and that she would also have a duty to represent the other two named survivors to this action. There is no evidence that Attorney Rohn attempted to have any direct relationship with the personal representative before she entered her notice of appearance on behalf of the minor Giser Lilian. It was only **after** she entered her notice of appearance that she contacted the personal representative and convinced her not to recommend the proposed settlement. Attorney Rohn represents only Giser Montas-Beras. As such, the Court finds that she is not a true co-counsel for the plaintiff and personal representative, Cirila Beras in this matter.

■ The original settlement agreement was signed by the representative for the insurance company and also by the attorney hired by the Personal Representative. Attorney Rohn's appearance for the purpose of representing the interest of Giser Lilian Montas-Beras does not impact on or interfere with the right and responsibility of the personal representative (or her counsel) in the handling of or settlement of the wrongful death action pending. Further, because Attorney Rohn clearly stated in her notice of appearance that she represented the interests of Giser Lilian, therefore, she was not a party to the action and will not be allowed to claim attorney fees from the amount of the settlement entered into by those attorneys who did represent the personal representative and the interests of all potential survivors of the deceased at that time. In a memorandum of law submitted by the personal representative in opposition to Defendant's motion to enforce the settlement agreement, Plaintiff attempted to repudiate the initial settlement agreement, and stated "Plaintiff, Cirila Beras de Rodriguez, believes the settlement of $360,000.00 is fair for the **two minor children** raised by her sister-in-law. However, this settlement is **not sufficient** to provide funds for distribution to the acknowledged children of Leopoldo Montas-Beras, **plus the claim by Giser Lilian Ortiz.** When faced with the prospect that

---

[15] Affidavit of Jacqueline Ward filed with the Court on September 20, 1996.

the funds would have to be distributed among three children and the fact that **Counsel for Giser Lilian Ortiz** disagreed with the settlement amount, the Personal Representative decided that the Settlement Agreement was not in the best interest of the minors." (Emphasis added.)[16] Counsel for Giser Lilian cannot now claim that it is fair and in the best interest of the minors to require the three children share in the initial settlement amount of $360.000.00 by dividing the amount three ways **and** further provide her client with an additional $290,000.00. Although this court believes that the entire amount should be divided equally three ways, absent objection from the plaintiff's attorney, the $290,000.00 additional settlement will not be added to the initial $360,000.00 and then divided between the three minors. The court will instead approve an equal division of the $360,000.00 original settlement amount between the two minor children, Juan Bernales and Juana Yissel, negotiated by counsel for the personal representative and will allow the minor Giser Lilian Montas-Beras to retain the full settlement amount of $290,000.00 later negotiated on her behalf by her attorney.

## B. Attorney Fees and Costs

■ Generally in contingency fee agreements where the claimants are minors, attorney fees are limited to 25 percent (25%) of net recover. See 53 AM. JUR. *Trials* 1 §§ 295 and 314. Also, as previously discussed, this Court will not approve a settlement agreement that purports to allow counsel for minor Giser Lilian Montas-Beras to claim attorney's fees from both the initial settlement amount and the additional amount that she secured, allegedly only for her client. This is grossly unfair to the attorneys for the personal representative and to the other two minor children. The Court will approve attorney fees equaling 25 percent of the total settlement amount of $360,000.00, minus costs, to be distributed to the minor children Juan Bernales and Juana Yissel to the law firm of Alkon & Rhea. An amount equaling 25 percent of the total settlement amount of $290,000.000, minus costs, to be distributed to Giser Lilian will be approved for Attorney Rohn.

---

[16] Memorandum of Law in Support of Plaintiff's Opposition to Motion to Enforce Settlement Agreement

## IV. CONCLUSION

This Court finds that the Settlement Agreement as presented by the parties is unfair to the minor children, and therefore will approve the amount, but will modify the distribution as set forth above. The Court further finds that Attorney Hart represented all named survivors of the decedent as there vests one wrongful death action in the personal representative for the benefit of all survivors by virtue of the act and, as attorney to the Personal Representative had a duty to all named survivors. Additionally, this court determines that Lee J. Rohn represents only the minor Giser Lilian Montas-Beras and is not true co-counsel in the action. As such, she will not be recognized in this action as co-counsel for a sole beneficiary and will not be allowed to claim attorney fees earned by counsel for the personal representative in reaching the initial settlement agreement with the defendant.

Finally, the court approves the total settlement amount, but modifies the distribution thereof as set forth above.

An appropriate order will be entered.