IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of: | ) | No. 39941-9-III |
| | ) | |
| GLENN WEST, | ) | |
| | ) | |
| Deceased. | ) | |
| | ) | |
| | ) | |
| GLENDA SANTOS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL AUAYAN, | ) | |
| | ) | |
| Respondent. | ) | |

MELNICK, J.P.T.[1] — Glenda Santos appeals from an order appointing a neutral

third-party administrator, without nonintervention powers, as the personal representative

(PR) of her father's estate.  We affirm.[2]

## FACTS

Glenn West died testate in 1984.  More than forty years later, his estate assets have

not been administered.  West's will specified an equal distribution of the residue of his

---

[1] Rich Melnick, a retired judge of the Washington State Court of Appeals, is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).

[2] Santos is the only party who filed a brief in this case.

estate to his seven named children, including Glenda Santos, should they survive him.

In 1985, the trial court named one of West's daughters as the PR. When that PR passed

away, another daughter became the successor PR.

When the successor PR passed away, her son, Michael Auayan, requested that he

or a neutral third party be appointed PR after another daughter petitioned to be the PR.

That daughter later withdrew her petition and then Auayan filed a motion. Auayan,

presenting himself as an heir of West, initially sought the position himself, but later

withdrew his request and instead argued only for a neutral third-party appointment to

administer West's estate. Auayan had the support of the other heirs of the deceased

beneficiaries under West's will.

Santos, supported by her two remaining living siblings, opposed Auayan's motion

and sought to be appointed as PR. Her siblings waived their right to notice on Santos's

petition. Auayan agreed that only a beneficiary of gift under the will would be entitled to

notice. He argued, however, that as the PR of his mother's estate, he was entitled both to

notice and to object to Santos's appointment. He reasoned that because his mother's gift

under West's estate passed to her estate, her estate became the beneficiary of gift under

West's will.

2

The trial court denied Santos's petition to become PR because of negative family interactions and because the estate has not been settled for over forty years. The trial court appointed a neutral third-party administrator, without nonintervention powers.

Santos now appeals, claiming first that the trial court was required to appoint her over the third party because she has priority under RCW 11.28.120 as West's next-of-kin and because she is available to serve; and second that Auayan was not entitled to notice or to object to her appointment because he is not a beneficiary of gift under West's will. We affirm.

ANALYSIS

*Administration of estate*

Santos claims the trial court erred by appointing a third-party administrator because she was qualified to serve as PR and had first priority under RCW 11.28.120. She essentially argues this statute requires the trial court to appoint the first person with the highest priority who is available and willing to serve as PR. We disagree.

This issue requires statutory interpretation, which we review de novo. *State v. Engel*, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009). The court's role in statutory interpretation is first to discern its plain meaning. *In re Marriage of Schneider*, 173 Wn.2d 353, 363, 268 P.3d 215 (2011). This analysis involves reviewing both the statute

3

at issue, and related statutes and provisions within the same act. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 10, 43 P.3d 4 (2002).

Santos argues that RCW 11.28.120 (1), (2), and (7) mandate that the court appoint her as PR; however, this statute concerns the initial appointment of a PR and not the appointment of a successor PR.

Importantly, the successor personal representative statute, RCW 11.28.280, provides that, if a personal representative dies, the position "shall be granted to those to whom the letters would have been granted if the original letters had not been obtained . . . and the successor personal representative shall perform like duties and incur like liabilities as the preceding personal representative, . . . *unless the court orders otherwise*." RCW 11.28.280 (emphasis added). Under RCW 11.68.011(2)(c), the trial court may refuse to grant nonintervention powers to a personal representative if administration of the decedent's estate with nonintervention powers would not be in the best interests of the beneficiaries of the estate. Thus, if we interpreted RCW 11.28.120 as Santos argues, it would conflict with and negate the discretion granted to courts under RCW 11.68.011(2)(c).

Santos relies on one published case and three unpublished cases to support her position. But the appellate issues addressed in two of the cases involved: (1) the authority

4

of a PR to bring a wrongful death claim on behalf of the estate, *Huntington v. Samaritan Hospital*, 35 Wn. App. 357, 666 P.2d 405 (1983), *aff'd*, 101 Wn.2d 466, 680 P.2d 58 (1984); and (2) the correct categorization of a creditor's claim, *Bartlett v. Estate of Parman*, No. 56536-6-II (Wash. Ct. App. Nov. 15, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2056536-6-II%20Unpublished%20 Opinion.pdf.

In the other cases, both appellate courts deferred to the trial court's broad discretion to appoint next-of-kin as PR. *In re Est. of Peterson*, No. 30686-1-III (Wash. Ct. App. Jun. 6, 2013) (unpublished) (affirming appointment of creditor over daughters of decedent despite antagonism, noting court's authority to appoint anyone not statutorily disqualified), https://www.courts.wa.gov/opinions/pdf/306861.pdf; *In re Est. of Cohen*, No. 56662-1-II (Wash. Ct. App. May 9, 2023) (unpublished) (upholding order appointing third party over heir of decedent based on finding heir conflicted out of role), https://www.courts.wa.gov/opinions/pdf/D2%2056662-1-II%20Unpublished%20Opinion.pdf. Thus, the mere fact that Santos was available to serve as PR did not automatically qualify her for appointment, nor did it mean that the court did not have discretion to appoint others. The plain meaning of the above-cited statutes provides the trial court with discretion to appoint a PR.

In this case, the declarations filed in support of Auayan's motion provide evidence of disagreement within the family as to the administration of the estate. *See* RCW 11.68.011(3) (Courts may base a grant of nonintervention powers on affidavits filed with the court or "other proof submitted to the court."). Because the trial court followed the law and based its decision on the facts before it, the record as a whole demonstrates that the court did not abuse its discretion in appointing a neutral third-party administrator, without nonintervention powers.

*Notice of hearing on petition for nonintervention powers*

Santos contends Auayan, and any other heir of West not specifically named in his will as a beneficiary, was not entitled to notice of the hearing to appoint a personal representative. Santos argues that because her two sisters, as the only people she claims were entitled to notice under RCW 11.68.041(1), consented to her appointment at PR, she should have been unopposed and the trial court should have ordered her appointment. We disagree.

Auayan's mother was a named beneficiary in West's will. Auayan is the PR of his mother's estate which is entitled to her portion of West's estate under the will. Therefore, Auayan was entitled to notice. Santos's limited interpretation of who is required to notice

6

is unsupported. As conceded by Santos, if Auayan was entitled to notice, the trial court did not err.

We also note that RCW 11.28.020 provides, "Any person interested in a will may file objections in writing to the granting of letters testamentary to the persons named as executors, or any of them, and the objection shall be heard and determined by the court."

As the PR of his mother's estate, and as one of his mother's heirs, Auayan had an interest in the distribution of assets in West's estate. As a result, he could file objections in writing, and the court had an obligation to hear them.

Santos passingly claims the court erred by appointing a third party for whom Auayan advocated. Santos seems to argue that Auayan allegedly misrepresented his identity as PR of his mother's estate, acted so he could control both his mother's and West's estates, coordinated the declarations submitted by other beneficiaries, and claimed Santos was the source of the dissention within the family. She provides no further argument or citation to authority. "Passing treatment of an issue, lack of reasoned argument, or conclusory arguments without citation to authority are not sufficient to merit judicial consideration." *In re Vulnerable Adult Pet. for Winter*, 12 Wn. App. 2d 815, 835, 460 P.3d 667 (2020). But even upon consideration, we find nothing in the record to support these assertions.

No. 39941-9-III
*In re Est. of West*


ATTORNEY FEES

Santos requests this court grant her attorney fees pursuant to RAP 18.1 and RCW 11.96A.150(1) and (2). RCW 11.96A.150 provides that a reviewing court may award costs and fees in such amount it determines to be equitable to any party, from any party or estate assets that are the subject of these proceedings.

Because Santos is not a prevailing party on appeal, we decline to award costs and fees.

CONCLUSION

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, J.P.T.
Melnick, J.P.T.

WE CONCUR:

_____
Fearing, J.

_____
Staab, A.C.J.

8